MOORE, J.
liThe defendant, Tacaras Laelarence Drew, was charged with aggravated rape of a 16-year-old female. He entered a plea of not guilty. Prior to trial, the defendant withdrew his not guilty plea and pled guilty to one count of forcible rape with an agreed-upon sentencing cap of 30 years. He was subsequently sentenced to serve 28 years at hard labor. The defendant now appeals. His appellate counsel filed a motion to withdraw, together with an Anders[1] brief. The motion to withdraw is granted, and the defendant’s conviction is affirmed; however, we vacate the illegally lenient sentence and remand for resentencing.
FACTS
The matters of record indicate that on November 1, 2009, the 16-year-old female victim was walking home from work when the defendant approached her from behind and asked her for a cigarette. The victim ignored the defendant and continued walking. The defendant persisted in following her and repeatedly asking for a cigarette. She crossed to the other side of the street to get away, but he continued to follow her, now asking if she had dropped her keys. Eventually the victim began running to escape her predator. The defendant chased her down, pushed her to the ground and beat her in the back of her head with his fists. He then dragged her behind a row of cars. Continuing to strike the victim, he threatened to kill her if she resisted. He forcibly removed her pants and raped her. After the rape, the defendant took her purse and fled.
li>The victim saw the defendant the next day walking through a parking lot at an apartment complex. The defendant fled, and the victim called the police. After a short investigation, the police were able to determine the identity of the defendant. After his arrest, he admitted that he asked the victim for a cigarette. After she kept walking away from him, he threw her to the ground and had sex with her. He admitted to taking her purse.
The defendant was charged by bill of information with one count of aggravated rape. He entered a plea of not guilty.
Prior to trial, on November 14, 2011, the defendant entered into a plea agreement with the state in which he agreed to plead guilty to the reduced charge of forcible rape. In exchange for his guilty plea to the reduced charge, the state agreed to a sentencing cap of 30 years. The defendant admitted to the facts recited by the state during the defendant’s plea hearing, admitting that he vaginally raped the minor victim who was prevented from resisting the act by force, or threats thereof, physical violence and circumstances causing her to reasonably believe that resistance would not have prevented the rape. After he was advised of his Boylcin[2] rights, the trial court accepted his guilty plea. After a presentence investigation, the defendant came for sentencing on January 6, 2012 and was sentenced to serve 28 years at hard labor to be served concurrently with any other sentences he was obligated to serve.
This appeal followed, and the defendant’s appellate counsel filed an Anders brief, seeking to withdraw and which al *750 leged that he could find noj^nonfrivolous issues to raise on appeal. See Anders v. California, supra at note 1; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). The brief outlines the procedural history of the case and the facts of the case set forth by the state, as previously noted. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. The state filed a letter with this court agreeing that there are no nonfrivolous issues to raise on appeal.
Defense counsel also verified that he mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra. The defendant never requested the record and did not file a brief.
DISCUSSION
This court has conducted an error patent review of the appellate record. The bill of information and arraignment were correctly done. There were no errors patent found in regard to the defendant’s guilty plea.
Defendant is precluded from seeking review of his sentence because it was imposed under a sentencing cap in conformity with a plea agreement set forth in the record at the time of the plea. See La. C. Cr. P. art. 881.2; State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171. However, our error patent review indicates an illegally lenient sentence which we are required to vacate. The trial judge failed to restrict at least two years of ¡^defendant's sentence for forcible rape from benefit of parole, probation or suspension of sentence, as required by La. R.S. 14:42.1(B). Because the language of the sentencing provision gives the trial judge discretion in determining the exact length of time that benefits were to be withheld, the sentence must be vacated and the case remanded for resentencing in compliance with La. R.S. 14:42.1. State v. Carter, 43,304 (La.App. 2 Cir. 6/18/08), 987 So.2d 364, writ denied, 08-2752 (La.9/25/09), 18 So.3d 86.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted and the defendant’s conviction is affirmed. We vacate the sentence and remand for resentencing in accordance with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).