# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-769


**STATE OF LOUISIANA**

**VERSUS**

**BENJAMIN GOTTKE**
**AKA BENJAMIN A. GOTTKE**
**AKA BENJAMINE A. GOTTKE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR133068
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### SHANNON J. GREMILLION
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges.


**CONVICTIONS AFFIRMED;**
**SENTENCE VACATED AND REMANDED FOR RESENTENCING;**
**MOTION TO WITHDRAW GRANTED.**

**Michael Harson**
**District Attorney, Fifteenth Judicial District Court**
**Alan P. Haney, Assistant District Attorney**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Benjamin Gottke**

**GREMILLION, Judge.**

Defendant, Benjamin Gottke, broke into three businesses with the intent to commit theft. He was charged by bill of information with three counts of simple burglary, in violation of La.R.S. 14:62. Defendant pled guilty and was sentenced pursuant to a plea agreement to twelve years at hard labor on each count to run concurrently. Shortly thereafter, the trial court vacated the sentences because a habitual offender bill had been filed by the State. When questioned, Defendant indicated that he did not wish to contest the habitual offender bill and he acknowledged that his agreement with the State was that his sentence would not be less than twelve years at hard labor without the benefit of parole, probation, or suspension of sentence, nor more than twenty-four years with the same conditions. The trial court ordered a presentence investigation report at the close of the hearing.

The trial court vacated Defendant's previous sentences of twelve years and sentenced him under the habitual offender statute to twenty years at hard labor without benefit of probation, parole, or suspension of sentence. The plea form for the habitual offender proceeding indicates that Defendant admitted to being a third-level offender.

Defendant filed a motion for appeal which was granted by the trial court. Defendant's initial appellate counsel, Brent Hawkins of the Louisiana Appellate Project, has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests that this court grant his accompanying motion to withdraw. This court granted Defendant until September 30, 2014, to file a pro se brief. To date, Defendant has not filed a pro se brief. However, in November 2014, we signed an

order allowing Defendant to file a supplemental brief. A supplemental brief was filed by different counsel from the Louisiana Appellate Project, Annette Roach, and assigned three errors patent including the trial court's failure to adjudicate Defendant a habitual offender, sentencing irregularities, and restrictions imposed upon the habitual offender sentence.

For the following reasons, we affirm Defendant's convictions for three counts of simple burglary but vacate his sentence and remand the case for resentencing. Appellate counsel's motion to withdraw is granted.[1]

## *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel filed a brief stating that he made a conscientious and thorough review of the trial court record and could find no non-frivolous errors on appeal. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

---

[1] We grant Brent Hawkins' motion to withdraw for the reasons assigned hereafter and further note that clearly Defendant is now represented by different appellate counsel from the Louisiana Appellate Project rendering the issue moot.

*Id.* at 531.

Appellate counsel's *Anders* brief must review the record and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, appellate counsel points out that the trial court fully informed Defendant of his rights at the guilty plea proceeding and that Defendant knowingly and voluntarily entered his guilty plea. Additionally, appellate counsel notes that any claim of excessiveness of sentence is barred because the sentence was imposed in conformity with a plea agreement.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review confirms the statements made by appellate counsel. Defendant was properly charged in the bill of information, and he was present and represented by counsel at all crucial stages of the proceedings. Additionally, Defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). These rights were also set forth in a written plea form signed by Defendant. According to the guilty plea transcript, Defendant was forty-four years old, had a twelfth grade education, and indicated he could read and write the English language.

The trial court advised Defendant of the penalty range he was facing for simple burglary, i.e., imprisonment with or without hard labor for not more than twelve years and a fine of not more than $2,000.00. Additionally, Defendant indicated that he had not been threatened, promised anything, nor induced to enter

3

a guilty plea. He confirmed that he entered the plea freely and voluntarily. After the trial court informed Defendant of the elements of the crime, the court asked Defendant what he had done and he responded that he "broke into three businesses" with the intent to steal. The trial court found the guilty plea was knowingly and voluntarily entered. Considering the colloquy between the trial court and Defendant, we find that the trial court properly *Boykinized* Defendant and that Defendant voluntarily and knowingly entered his guilty plea to three counts of simple burglary.

For the habitual offender proceedings, the trial court informed Defendant that he had the right to remain silent, the right to counsel, and the right to subpoena witnesses. It also informed him that the State had to prove his habitual offender status. Finally, the trial court explained that it accepted the sentencing limitations agreed to by the parties, which was that the sentence was to be not less than twelve years nor more than twenty-four years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant also signed a written plea form which set forth the plea agreement, the rights Defendant was waiving, and the penalty range to which he was exposed.[2] We find Defendant's admission to his habitual offender status was voluntary.

Both Defendant's appellate counsel and the State contend that Defendant's sentence is not subject to review on appeal. Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." In *State v. Vital*, 12-881, pp. 5-6 (La.App. 3 Cir.

---

[2] The colloquy and one page of the plea form indicates that the agreement was that the sentence would not be less than *twelve* years at hard labor, but the final page of the guilty plea form indicates the minimum sentence would be *eight* years.

2/6/13), 107 So.3d 1274, 1278, *writ denied*, 13-430 (La. 9/13/13), 120 So.3d 692

(footnote omitted), this court held:

> Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98–101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id*. at 39.

Here, the trial court accepted the limitations placed on the sentencing range and sentenced Defendant within the range. Defense counsel and the State correctly conclude that Defendant cannot seek review of his sentence as it was imposed in conformity with a plea agreement. However, as will be discussed below, there are errors patent concerning the legality of Defendant's sentence.

In *State v. Drew*, 47,531, pp. 3-4 (La.App. 2 Cir. 11/14/12), 107 So.3d 748, 750, the second circuit stated:

> Defendant is precluded from seeking review of his sentence because it was imposed under a sentencing cap in conformity with a plea agreement set forth in the record at the time of the plea. See La. C. Cr. P. art. 881.2; *State v. Young*, 96–0195 (La.10/15/96), 680 So.2d 1171. However, our error patent review indicates an illegally lenient sentence which we are required to vacate. The trial judge failed to restrict *at least* two years of defendant's sentence for forcible rape from benefit of parole, probation or suspension of sentence, as required by La. R.S. 14:42.1(B). Because the language of the sentencing provision gives the trial judge discretion in determining the exact length of time that benefits were to be withheld, the sentence must be vacated and the case remanded for resentencing in compliance with La. R.S. 14:42.1. *State v. Carter*, 43,304 (La.App. 2 Cir. 6/18/08), 987 So.2d 364, *writ denied*, 08–2752 (La.9/25/09), 18 So.3d 86.

5

Further, in *State v. Cabanas*, 552 So.2d 1040, 1046-47 (La.App. 1 Cir. 1989), *writ denied*, 556 So.2d 41 (La.1990), the first circuit held:

> Notwithstanding that defendant's sentence may have been negotiated pursuant to a plea bargain, in imposing sentence under the applicable penalty provisions of LSA–R.S. 40:967F(3) and 40:967 G(1), the trial court imposed an illegal, indeterminate sentence. The court is required to impose a determinate sentence. LSA–C.Cr.P. art. 879….
>
> . . . .
>
> Regardless of whether or not the sentence was negotiated pursuant to a plea bargain, this matter must be remanded to the trial court for resentencing to correct the illegal sentence in a manner not inconsistent with the views expressed herein.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find two errors patent concerning Defendant's sentence.

As discussed above, Defendant pled guilty to three counts of simple burglary and was sentenced to twelve years at hard labor on each count to run concurrently. The habitual offender bill referred to only one of the simple burglary convictions.[3] At the habitual offender sentencing, the trial court vacated the original concurrent twelve year sentences and sentenced Defendant under the habitual offender statute to a single sentence of twenty years at hard labor without the benefit of probation, parole, or suspension of sentence.[4]

---

[3] In the supplemental brief, Defendant's counsel's first alleged error patent does not assert error, but recommends action (a formal adjudication as a habitual offender). However, counsel concedes that Defendant's admission to his habitual offender status was adequate. Thus, we find no corrective action is required by the trial court.

[4] Defendant's counsel's third alleged error patent notes the restriction on parole imposed by the trial court. While it is true that the trial court erred in restricting parole, this error is rendered moot because we are vacating the sentence. *See* La.R.S. 15:529.1 and 14:62.

We find the trial court erred in that the record does not indicate which of Defendant's three simple burglary convictions was enhanced. Additionally, a separate sentence should have been imposed on each of the two remaining simple burglary convictions. Accordingly, Defendant's sentence is indeterminate as he was convicted of three counts of simple burglary and only a single sentence was imposed.

In *State v. Webster*, 95-605 (La.App. 3 Cir. 11/2/95), 664 So.2d 624, the defendant was convicted of four counts of armed robbery and sentenced as a third felony offender to seventy-five years at hard labor. In addressing a similar raised issue, we stated:

> [T]he trial court erred in that the record does not reveal which of defendant's four armed robbery convictions was being enhanced. Additionally, the trial court should have imposed a separate sentence on each of the three remaining convictions. Therefore, defendant's sentence is indeterminate as he was convicted of four counts of armed robbery and only a single sentence was imposed. See *State v. Bessonette,* 574 So.2d 1305 (La.App. 3 Cir.1991); La.Code Crim.P. art. 879. Accordingly, defendant's sentence will be vacated and the case remanded to the trial court for clarification as to which count is being enhanced and for imposition of separate sentences on the remaining three counts. See *State v. Parker*, 593 So.2d 414 (La.App. 1 Cir.1991).

*Id.* at 630.

Accordingly, Defendant's sentence must be vacated and the case remanded to the trial court for clarification as to which count is being enhanced and for imposition of separate sentences on the remaining two counts of simple burglary. We must next address whether this error affected Defendant's plea agreement.

The plea form lists the charge as three counts of simple burglary and indicates that the recommendation was a twelve-year sentence concurrent with any

7

other sentence Defendant was serving.  The following statement is included on the bottom of the plea form:

> THE DEFENDANT AGREES THAT THIS PLEA IS CONTINGENT AND CONDITIONED UPON A PLEA AS A HABITUAL OFFENDER AS OUTLINED IN THE ATTACHED DOCUMENT LABLED [sic] THE [sic] A PLEA OF GUILTY, ACKNOWLEDGMENT, WAIVER, CONFESSION AND SENTENCE AS A HABITUAL OFFENDER.

> THE DEFENDANT UNDERSTANDS THAT THE ABOVE SENTENCE WILL BE VACATED AND REPLACED BY A SENTENCE AS A HABITUAL OFFENDER.

The plea form for the habitual offender proceeding indicates that Defendant is a third-level offender and the recommendation was that he be sentenced to not less than twelve nor more than twenty-four years at hard labor without benefit of probation or suspension of sentence concurrent with any other sentence he was serving.

Three concurrent sentences were imposed for the three counts of simple burglary.  The plea form mentions the three counts of simple burglary, but then indicates the "sentence" will be replaced by a habitual offender sentence.  Thus, it is unclear whether the understanding of the parties was that the three simple burglary sentences were to be replaced by a single habitual offender sentence, which renders the resulting sentence indeterminate, or whether only one of the three simple burglary sentences was to be enhanced under the habitual offender law and an unenhanced sentence was to be imposed on each of the two remaining simple burglary convictions.  In *State v. Ott*, 12-111, pp. 17-18 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 955, the fifth circuit addressed a similar issue as follows:

> Second, Defendant's sentence as to Count Two, attempted armed robbery with a firearm, is indeterminate.  The bill of

8

information charged Defendant with attempted armed robbery while armed with a firearm in violation of LSA-R.S. 14:27 and 14:64.3. LSA-R.S. 14:64.3 provides for an additional penalty of five years without benefit of parole, probation, or suspension of sentence to be served consecutively to the sentence imposed under LSA-R.S. 14:27 and 14:64, when the dangerous weapon used in the commission of an attempted armed robbery is a firearm. However, the trial court sentenced Defendant under LSA-R.S. 14:27 and 14:64, to 15 years at hard labor. The trial judge did not reference LSA-R.S. 14:27 and 14:64.3 during sentencing, nor did she state that she was imposing an additional period of incarceration when imposing Defendant's attempted armed robbery sentence. Since the State intended to utilize the provisions of LSA-R.S. 14:27 and 14:64.3, Count Two is indeterminate because the trial judge did not state whether the sentence included the firearm enhancement.

Because we find the Count Two sentence indeterminate, we vacate the sentence and remand for resentencing according to law and for clarification of whether Defendant's sentence includes any additional punishment under LSA-R.S. 14:27 and 14:64.3 as this Court did in *State v. Declouet*, 09-1046 (La.App. 5 Cir. 10/12/10); 52 So.3d 89, 108-09, *writ denied*, 10-2556 (La.4/8/11); 61 So.3d 681, and *State v. Price*, 04-812 (La.App. 5 Cir. 3/1/05); 909 So.2d 612, 618. Additionally, in the event the trial court determines the five-year firearm enhancement was not included in Defendant's original 15-year sentence, then we find it necessary to reserve Defendant's right to withdraw his guilty plea because it was not a part of his negotiated plea agreement.

Accordingly, we vacate Defendant's sentence, and the case is remanded for clarification as to which count is being enhanced and for imposition of separate sentences on the remaining two counts. If the trial court determines that the agreement was that the three simple burglary sentences were to be replaced by a single habitual offender sentence, then we reserve Defendant's right to withdraw his guilty plea.

9

Thus, after conducting an *Anders* review, we affirm Defendant's convictions, vacate his sentence, and remand the case for further proceedings consistent with this opinion. We further grant counsel's motion to withdraw.[5]

**CONVICTIONS AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING. MOTION TO WITHDRAW GRANTED.**

---

[5] The motion to withdraw is granted despite the remand for resentencing because this defendant is represented by different counsel at the trial (Indigent Defender's Board) and appellate levels (Louisiana Appellate Project). Thus, the trial court will appoint/reappoint counsel for Defendant at the resentencing hearing.