STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1029

STATE OF LOUISIANA

VERSUS

CHRISTOPHER DEANDRE THORNTON

Decision Rendered: **JUL 2 3 2020**

* * * * * * *

APPEALED FROM
THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 06-16-1160, SECTION VI

HONORABLE DONALD R. JOHNSON, JUDGE

* * * * * * *

| | |
|---|---|
| Bertha M. Hillman<br>Covington, Louisiana | Attorney for Defendant/Appellant<br>Christopher Deandre Thornton |
| Christopher D. Thornton<br>Jackson, Louisiana | Pro Se |
| Hillar C. Moore III<br>District Attorney<br>and<br>Dale R. Lee<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Attorneys for Appellee<br>State of Louisiana |

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDONALD, J.**

The East Baton Rouge Parish grand jury indicted defendant, Christopher Thornton, with three counts of attempted second degree murder (counts two, three, and four), violations of La. R.S. 14:30.1 and La. R.S. 14:27.[1] He pled not guilty. After a trial, a jury found defendant guilty as charged on count two but found him guilty of the lesser-included offense of aggravated battery on counts three and four. On count two, the trial court sentenced defendant to 30 years imprisonment at hard labor, to be served without benefit of probation, parole, or suspension of sentence; on counts three and four, the trial court sentenced him to two sentences of five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for the first year, all sentences to run concurrently. Defendant filed two motions for new trial, one on January 17, 2019, and another on February 20, 2019. The trial court sentenced defendant on February 28, 2019 and denied his motions for new trial on March 19, 2019.[2] After appeal, appellate counsel filed an *Anders* brief asserting no assignments of error. Defendant filed a pro se brief asserting four assignments of error.

For the following reasons, we affirm defendant's conviction and sentence on count two, set aside his convictions and sentences on counts three and four, and remand for a new trial on these counts.

## STATEMENT OF FACTS

On the afternoon of December 18, 2014, Darren Martin was driving past a grocery store at the corner of Gus Young Avenue and North 44th Street in Baton Rouge, Louisiana, with Cornelius Landry and Destinie Coston riding as passengers in the car. Mr. Martin slowed down near where defendant was standing after defendant made eye contact with him or flagged him down. Mr. Martin did not know defendant prior to that day. Once Mr. Martin stopped, he opened the car door and spoke to defendant.

---

[1] In the same indictment, the grand jury charged defendant with the second degree murder of Christian Allen (count one) and the attempted second degree murder of Jeremiah Hall (count five). The State dismissed these charges without prejudice before trial began. For consistency with the indictment, we refer to the counts as they are numbered on it and not to how they were referenced at trial or on the jury verdict form.

[2] Appellate counsel filed a motion to remand the case for resentencing due to the trial court's failure to rule on defendant's two motions for new trial before sentencing him. This court denied the motion on August 28, 2019. *Accord State v. Jackson,* 19-0067 (La. App. 1 Cir. 9/27/19), 2019 WL 4739241 *4; *State v. Magee,* 17-1217 (La. App. 1 Cir. 2/27/18), 243 So.3d 151, 165.

2

Defendant then shot a gun at the car at least 17 times. Mr. Martin immediately drove away with defendant still firing. Due to Mr. Martin's injuries, Ms. Coston took over driving to go to a nearby emergency room. Mr. Martin was treated for life-threatening wounds to his leg and neck, and Mr. Landry was treated for a shot to his hand. Ms. Coston was not injured.

Alerted to the gunfire by the "ShotSpotter" system, police were dispatched to the scene in response. Following an investigation, the State identified, arrested, and charged defendant with three counts of attempted second degree murder.

## PRO SE ASSIGNMENT OF ERROR NUMBER TWO:
## NON-UNANIMOUS JURY VERDICT

In his second pro se assignment of error, defendant contends that his conviction by a non-unanimous jury verdict, as allowed under La. C.Cr.P. art. 782A, was unconstitutional. Defendant is formally making this argument for the first time on appeal. His trial counsel made an oral objection to the non-unanimous jury verdict system in Louisiana before voir dire began but did not follow up with a written motion. Further, defendant did not raise the issue in his motions for new trial.

It is well established that litigants must raise constitutional challenges in the trial court rather than in the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized. *Mallard Bay Drilling, Inc. v. Kennedy,* 04-1089 (La. 6/29/05), 914 So.2d 533, 541. An exception to these general principles exists when the statute applicable to the specific case has been declared unconstitutional in another case. *Spooner v. EBR Parish Sheriff Dep't,* 01-2663 (La. App. 1 Cir. 11/8/02), 835 So.2d 709, 711; *see State v. Antonio Celestine,* 19-42 (La. App. 3 Cir. 10/2/19), 280 So.3d 1179, 1184.

In the recent decision of *Ramos v. Louisiana,* __ U.S. __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled *Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the United States Constitution Sixth Amendment right to a jury trial, incorporated against the States by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. Thus, here, defendant may properly raise the

3

constitutionality of his convictions on counts three and four in the appeal before us.[3]

Moreover, the *Ramos* Court further indicated that its ruling may require retrial of those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. *Ramos,* 140 S.Ct. at 1406.

Herein, defendant was convicted by a ten-to-two verdict on counts three and four. Accordingly, defendant's convictions and sentences on those counts are set aside; however, as discussed in our review of defendant's third assignment of error, we remand the case for a new trial of counts three and four only. Moreover, because defendant was convicted by a unanimous verdict on count two, we find it prudent to consider the merits of his remaining assignments of error.

### PRO SE ASSIGNMENT OF ERROR NUMBER ONE: DEFECTIVE JURY VENIRE

In his first pro se assignment of error, defendant argues he was denied due process because the jury venire in East Baton Rouge Parish was defectively constituted. Citing the Louisiana Supreme Court's recent decision in *State v. Cannon,* 19-590 (La. 4/18/19), 267 So.3d 585, 585-86 *(per curiam),* defendant argues his jury venire was made deficient by the same process as existed in *Cannon,* and was not a fair cross-section of the community, where those born after June 2, 1993, were excluded from the jury pool. Consequently, defendant asks this court to vacate his conviction and remand for a new trial before a jury selected from a new, properly constituted venire.

In *Cannon,* 267 So.3d at 585-86, the Louisiana Supreme Court held:

> Defendant has shown that, under the system employed in East Baton Rouge Parish, persons born after June 2, 1993, otherwise qualified to serve on the jury, were never given an opportunity to serve, because their names were excluded from the general venire as a result of a significant error in the process by which the general venire was composed. That exclusion resulted in a general venire that was improperly constituted under Code of Criminal Procedure articles 401[,] et seq. and Louisiana Constitutional Articles I, § 3 ("No person shall be denied the equal protection of the laws.") and V, § 33 ("A citizen of the state who has reached the age of majority is eligible to serve as a juror within the parish in which he is domiciled."). Accordingly, we grant defendant's application to reverse the rulings of the courts below, grant defendant's motion to quash the general venire, and remand to the district court for further proceedings so that a petit jury can be chosen from a general venire that

---

[3] Pursuant to La. R.S. 13:4448, on October 21, 2019, this court notified the Louisiana Attorney General that a constitutionality issue had been raised in this matter and gave him an opportunity to file a brief. *Accord State v. Thomas,* 19-0409 (La. App. 1 Cir. 10/25/19), 289 So.3d 1030, 1042.

is selected according to law. See *State v. Jacko,* 444 So.2d 1185 (La. 1984); *State v. Procell,* 332 So.2d 814 (La. 1976).

It is undisputed that, in this case, defendant's jury was assembled from the same venire as the Louisiana Supreme Court found defective in *Cannon.* However, in *State v. Smith,* 17-1333 (La. App. 1 Cir. 2/21/18), 2018 WL 1007350, *4, this court noted:

> The proper procedural vehicle for alleging that the general or petit jury venire was improperly drawn, selected, or constituted is a motion to quash. La. C.Cr.P. art. 532(9). A motion to quash based on the ground that the petit jury venire was unconstitutionally drawn should be filed in writing prior to the beginning of the jury selection. See La. C.Cr.P. arts. 521, 532(9), and 535(C); see also *State v. Pooler,* 96-1794 (La. App. 1st Cir. 5/9/97), 696 So.2d 22, 39, writ denied, 97-1470 (La. 11/14/97), 703 So.2d 1288. Herein, the record shows that the defendant did not move to quash the petit jury venire by oral or written motion. Thus, the defendant did not properly raise his challenge to the jury venire's composition. Any grounds for that potential motion were waived. See La. C.Cr.P. art. 535(D).

Here, defendant did not file such a pretrial motion to quash and did not raise the issue before voir dire began. In fact, defendant did not raise the issue until the instant appeal. Generally, a reviewing court refrains from addressing an issue not raised in the trial court. *See* La. C.Cr.P. art. 841; *State v. Thibodeaux,* 16-0994 (La. 10/27/17), 227 So.3d 811, 812 *(per curiam).* We recognize, as defendant argues in his brief, that had he known of the defect, he likely would have properly asserted his objection to the jury venire. Nevertheless, such did not occur, and hence, defendant did not properly preserve this claim for appellate review. Further, we find the *Cannon* decision itself does not provide grounds to disregard defendant's failure to follow the proper procedure for raising a jury venire challenge. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that "a *new rule* for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final[.]" (Emphasis added.) We do not find that the Louisiana Supreme Court in Cannon pronounced such a "new rule."[4]

---

[4] In *Cannon,* the Louisiana Supreme Court expressly characterized the error in the East Baton Rouge Parish jury selection process as being "persons ... otherwise qualified to serve on the jury, *were never given an opportunity to serve[.]" Cannon,* 267 So.3d at 585-86 (Emphasis added). And as indicated by the *Cannon* Court's reference to *Jacko* and *Procell,* the Court has long criticized and banned any practice that violates the right of potential jurors to serve. Hence, the Court's decision in *Cannon* is simply a re-affirmation of its established rulings proscribing any practice that violates the right of potential jurors to serve and is not a "new rule." We also note that the *Jacko* and *Procell* defendants, like the *Cannon* defendant, each asserted their challenges to their respective jury venires with a timely filed motion to quash. *See Jacko,* 444 So.2d at 1185, and *Procell,* 332 So.2d at 815.

Consequently, this claim is not properly before the court and is denied as waived. *See Smith,* 2018 WL 1007350 at *4.

## PRO SE ASSIGNMENT OF ERROR NUMBER THREE:
### DOUBLE JEOPARDY

In his third pro se assignment of error, defendant claims he was improperly convicted of both attempted second degree murder and aggravated battery for actions arising from the same course of conduct.

Because we herein vacate the aggravated battery convictions upon which defendant bases his double jeopardy claim (counts three and four), this assignment of error is moot. *See State v. Mayeux,* 498 So.2d 701, 705 (La. 1986) (finding the Fifth Amendment does not bar retrial when a jury's verdict, containing a nonwaivable defect, must be set aside by an appellate court); *see also State v. Davenport,* 13-1859 (La. 5/7/14), 147 So.3d 137, 150 (finding an illegal verdict constitutes neither an acquittal nor a conviction).

## PRO SE ASSIGNMENT OF ERROR NUMBER FOUR:
### IMPROPER EXPERT TESTIMONY

In his final pro se assignment of error, defendant argues the trial court erred when it permitted District Attorney Investigator[5] Jeffrey Malone to testify about the ShotSpotter system. Defendant alleges that Mr. Malone had insufficient training and experience with which to present anything other than "speculative opinion evidence." Because of this alleged lack of experience, defendant asserts that La. R.S. 15:463[6] prohibited the trial court from considering Mr. Malone's testimony.

Defense counsel initially objected to Mr. Malone testifying because of his lack of training and expertise to provide informed testimony on the technical workings of the ShotSpotter system. After the court instructed the State to provide more foundation evidence, defense counsel again objected to Mr. Malone attempting to provide technical information. Defense counsel also objected to the introduction of an audio recording of the gunshots captured by ShotSpotter as hearsay. The State noted it was not

---

[5] *See* La. R.S. 16:13.1.

[6] Louisiana Revised Statute 15:463 was repealed by 1988 La. Acts, No. 575, §8; the current reference is to La. C.E. arts. 701 and 702.

6

attempting to qualify Mr. Malone as an expert witness. Mr. Malone's testimony regarding ShotSpotter generally described what the system is, how he accessed it, and the information the system reported to him about the instant shootings. Specifically, he testified that 17 gunshots were determined to have been fired near the scene on December 8, 2014.

The testimony of a lay witness in the form of opinions or inferences, who is not testifying as an expert, is limited to those opinions or inferences that are rationally based on the perception of the witness and are helpful to a clear understanding of the testimony or the determination of a fact in issue. La. C.E. art. 701. A law officer may testify as to matters within his personal knowledge acquired through experience without first being qualified as an expert. *State v. Morgan,* 12-2060 (La. App. 1 Cir. 6/7/13), 119 So.3d 817, 827; *see State v. LeBlanc,* 05-0885 (La. App. 1 Cir. 2/10/06), 928 So.2d 599, 602-03. However, only experts are allowed to give opinion testimony in areas of specialized knowledge. La. C.E. art. 702. A reviewing court must ask two questions to determine whether the trial court properly allowed lay opinion testimony: 1) was the testimony speculative opinion evidence or simply a recitation of or inferences from fact based upon the witness's observations, and 2) if erroneously admitted, was the testimony so prejudicial to the defense as to constitute reversible error. *Morgan,* 119 So.3d at 827.

Mr. Malone testified that he works in the crimes strategy unit of the District Attorney's office. Although the State initially asked Mr. Malone to explain to the jury how the ShotSpotter system worked, after the defense objected, Mr. Malone limited his testimony to explaining how he acquired and used information from the system in the course of his investigation. But, even assuming *arguendo* the trial court erred in allowing Mr. Malone to testify to the ShotSpotter system over defense objection,[7] we cannot say the resulting testimony was "so prejudicial to the defense as to constitute

---

[7] Police officers have traditionally been allowed to infer from the evidence in analogous circumstances. *See, e.g., State v. Jackson,* 15-0809 (La. App. 4 Cir. 5/25/16), 193 So.3d 425, 438-39, and *State v. Washington,* 16-1471 (La. 6/16/17), 219 So.3d 1112 (trial court did not abuse its discretion in allowing a detective to testify as to cell phone calls made and received and the cell tower locations for the calls, based on his examination of cell service provider records); *Morgan,* 119 So.3d at 827 (finding lay witness can infer and tell jury what cell tower accepted mobile phone signals at specific times based on that witness's examination of cell phone records).

reversible error." The trial testimony clearly shows that multiple gunshots were heard at the corner of Gus Young Avenue and North 44th Street in Baton Rouge, Louisiana, on December 8, 2014. In the ShotSpotter evidence, there was no indication of the type of gun used or the identity of the shooter, and Mr. Malone did not opine on the identity of the shooter. The report and recording were presented to establish corroborating evidence that the gunshots occurred and to explain how the police linked the shooting of Mr. Martin's car to the event at the store. Thus, even assuming the trial court erred in allowing testimony from Mr. Malone explaining how he retrieved the report from the ShotSpotter system, and what it showed, defendant cannot show prejudice. This claim is without merit.

Appellate counsel's motion to withdraw, which has been held in abeyance pending the disposition of this matter, is hereby granted.[8]

## CONCLUSION

For the above reasons, we affirm defendant's attempted second degree murder conviction. We set aside both of defendant's aggravated battery convictions and sentences and remand for a new trial on counts three and four (as numbered on the original indictment) only.

**ATTEMPTED SECOND DEGREE MURDER CONVICTION AND SENTENCE AFFIRMED; BOTH AGGRAVATED BATTERY CONVICTIONS AND SENTENCES SET ASIDE; REMANDED FOR A NEW TRIAL WITH RESPECT TO COUNTS THREE AND FOUR ONLY.**

---

[8] Because we find merit in defendant's second assignment of error, we do not address the merits of appellate counsel's *Anders* brief. *See State v. Presley,* 99-802 (La. App. 3 Cir. 3/1/00), 758 So.2d 308, 310. Nevertheless, we grant appellate counsel's motion to withdraw, despite the remand for a new trial, because defendant is represented by different counsel in the trial court (the Office of Public Defender) than on appeal (the Louisiana Appellate Project). Thus, on remand, the trial court should appoint trial counsel to represent defendant at the new trial. *See State v. Smith,* 18-142 (La. App. 5 Cir. 8/29/18), 253 So.3d 1314, 1321 n.3; *State v. Gottke,* 14-769 (La. App. 3 Cir. 12/17/14), 154 So.3d 1250, 1257 n.5.