MARION F. EDWARDS, Chief Judge.
12Pefendant/appellant, Anthony Otkins, also known as Brandon Mitchell and as Darryl McDaniels (for purposes of this appeal, hereinafter “Otkins”), was charged by a bill of information with armed robbery in violation of La. R.S. 14:64 (Count One) and with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (Count Two). Otkins was arraigned and pled not guilty to these charges. On November 15, 2010, Otkins filed a motion to sever offenses, requesting to have separate trials for each offense. This motion was denied. On that date, Otkins also filed a motion to quash, arguing that, on October 5, 2010, the State had stipulated that he was not the same individual convicted in case No. 421,635 in Orleans Parish Criminal Court and that he, Otkins, had accepted this stipulation. As such, Otkins argued that this conviction could not be used to charge him with La. R.S. 14:95.1. On December 13, 2010, the State amended the bill of information by adding that defendant was also known as Brandon Mitchell and Darryl McDaniels. The bill of information was further amended as to the | ¡predicate conviction for Count Two. Also on December 13, 2010, the trial court marked the motion to quash as moot.
On February 16, 2011, Otkins pled guilty to armed robbery and possession of a firearm by a convicted felon. He was sentenced to twenty years of imprisonment at hard labor for Count One and to 15 years of imprisonment at hard labor for Count Two, with the sentences ordered to run concurrently with each other. Further, both sentences were imposed without benefit of parole, probation, or suspension of sentence. The trial judge also told Otkins that his sentences “will run concurrent with any and all other sentences that you may be serving.” The commitment similarly reflects that his sentences were ordered to run concurrently “with any and all other sentences [Otkins was] presently serving.”
*152 Otkins filed a written, pro se motion for appeal on February 25, 2011, regarding his plea and sentence, which was granted on February 28, 2011. Also on February 25, 2011, Otkins filed two substantially similar pro se motions to withdraw his guilty plea. On March 24, 2011, the trial judge denied the motion to withdraw the guilty plea. (The index in the appellate record explains that the motions are on imaging only and were absent from the record. It also reflects that it was unclear as to whether the order was as to one or both motions to withdraw.) On March 10, 2011, Otkins filed another pro se motion to withdraw his guilty plea, which was denied.
This appeal follows.

FACTS

Otkins pled guilty without proceeding to trial. As such, the facts are taken from the amended bill of information. Otkins, also known as Brandon Mitchell and Darryl McDaniels, committed an armed robbery of Corey Davis on or about June 12, 2010. Also on or about this date, Otkins was in possession of a firearm, ^having been previously convicted in Orleans Parish Criminal Court of possession of cocaine in violation of La. R.S. 40:967(C) as Brandon Mitchell in case No. 474-723.
Appellate counsel has filed a motion to withdraw, together with an Anders[1] brief, asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”[3]
In Jyles, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the | ^contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”[4]
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is *153 wholly frivolous.[5] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.[6]
Otkins’ appellate counsel asserts that, after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal and could find no ruling of the trial court that would arguably support the appeal. She asserts that, prior to his decision to change his plea from not guilty to guilty, Otkins was fully informed of the legal consequences by both his trial counsel as well as the trial court. Counsel contends that each of the rights necessary to ensure a knowing and intelligent waiver of rights was explained to Otkins. Counsel states that he was advised of his constitutional right to a trial by jury, to remain silent, to confront witnesses, and to the presumption of innocence. She further explains that Otkins was informed that the State would be required to prove his guilt beyond a reasonable doubt and that by tendering his pleas, he was waiving his right to appeal.
[fiAppellate counsel contends that Otkins was informed of the sentences that would be imposed for the offenses to which he was pleading. Counsel also asserts that he was sentenced in accordance with the plea agreement and did not object to the sentences or move for reconsideration. Counsel contends that Otkins was advised of the time delays for filing an appeal and for filing an application for post-conviction relief. She concludes that Otkins is restricted by law from appealing his sentence, and she requests that any and all errors patent be listed as assignments of error for purposes of this appeal.
Appellate counsel filed a motion to withdraw as attorney of record, which provides that she notified Otkins of the filing of this motion and advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent him a letter by certified mail informing him that an Anders brief had been filed and that he had until a definite date to file a pro se supplemental brief. Otkins has not filed a brief.
Our review of the record discloses that the bill of information in this case properly charged Otkins and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged.
As reflected by the minute entries, Ot-kins appeared at each stage of the proceedings against him. He attended his arraignment, his guilty pleas, and his sentencing. As such, his presence does not present any issue that would support an appeal.
Further, Otkins pled guilty. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and 17precludes review of such defects either by appeal or post-conviction relief.[7] No rulings were preserved for appeal under *154 the holding in State v. Crosby,[8]
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.[9] A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[10] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.[11] In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.[12]
The record shows that Otkins was aware he was pleading guilty to armed robbery and possession of a firearm by a convicted felon. By means of the waiver of rights form and the colloquy between he and the judge, he was advised of his rights as required by Boykin. Otkins indicated that he understood that he was waiving these rights.[13] The colloquy reflects that, at the time of sentencing, Otkins was twenty-one years old and had a ninth-grade education.
Otkins was advised, if he had questions or did not understand something, to stop the judge for further instructions. The waiver of rights form reflects that he was informed that he faced a maximum sentence of ninety-nine years for the armed robbery offense and fifteen years for the offense of possession of a firearm by a convicted felon. He was advised by means of the form that he would be sentenced to twenty years for the armed robbery offense and fifteen years for the offense of possession of a firearm by a convicted felon. The form further reflects that Ot-kins’ sentence would be without benefit of parole. During the colloquy, he was further |sadvised that the maximum sentences of ninety-nine years and fifteen years were at hard labor, and he indicated that he understood the possible sentences. Otkins was also more specifically told that his sentence would be twenty years at hard labor without benefit of parole, probation, or suspension of sentence for the armed robbery offense, and fifteen years at hard labor without benefit of parole, probation, or suspension of sentence for the offense of possession of a firearm by a convicted felon. Otkins indicated that he understood the sentences that would be imposed if his guilty pleas were accepted.
It appears that Otkins was not advised as to the minimum penalties he faced for the two offenses as provided in La. C.Cr.P. art. 556.1. However, violations of La.C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis.[14] The Louisiana Supreme Court has clearly held that the core Boykin constitutional requirements have never been extended to include advice with respect to sentencing. In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty.[15] In the present case, the record *155 shows that Otkins conferred with his attorney before entering his guilty pleas and was clearly advised of the sentences that he would receive by pleading guilty. Further, his plea bargain was highly beneficial.
Otkins further indicated that he was satisfied with the way his attorney and the court handled his case. He stated that he had not been forced, coerced, or threatened to plead guilty. He and his attorney both admitted that their signatures were present on the waiver of frights form. The judge also signed the waiver of rights form. Otkins indicated that he understood the possible legal consequences of pleading guilty and wished to plead guilty. The trial court accepted his pleas as having been knowingly, intelligently, willingly, and voluntarily made.
The sentences do not present issues for appeal. For the armed robbery offense, Otkins was sentenced to twenty years of imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, well within the lower range prescribed by La. R.S. 14:64. For the offense of possession of a firearm by a convicted felon, he was sentenced to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence, also in accordance with the sentencing range prescribed by La. R.S. 14:95.1.
The sentences were imposed pursuant to a plea agreement. Otkins knew what his sentences would be if he chose to plead guilty and his sentences were in conformity with the agreement. La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
Although not briefed by appellate counsel, after sentencing, Otkins filed motions to withdraw his guilty pleas, which motions were denied by the trial court. La.C.Cr.P. art. 559(A) provides that “[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.” In the present case, Otkins’ motions to withdraw his guilty pleas were filed too late. Despite the language of La.C.Cr.P. art. 559, which provides that a trial court may permit the withdrawal of a guilty plea at any time prior to sentencing, a trial court can properly vacate a guilty plea after sentence if it determines that the facts surrounding a guilty plea rendered it constitutionally deficient.[16] Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction | mrelief.[17] A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.[18]
In the present case, and as discussed hereinabove, the record does not reflect that the guilty pleas were constitutionally infirm. Additionally, although Otkins was made aware that he had the opportunity to file a pro se supplemental brief in this appeal, he has not done so nor otherwise sought review of the rulings on the denial of the motions to withdraw his guilty pleas. We find no reason to disturb the guilty pleas and agreed-upon sentences.
Based on the foregoing, we find there are no non-frivolous issues to be raised on *156 appeal. Appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion.
We have reviewed the record for errors patent and find none that require correction. For reasons set forth in this opinion, we affirm Otkins’ conviction and sentence and grant defense counsel’s motion to withdraw.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED

. See, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990).

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith V. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).

. Jyles, supra.

. State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.

. Id.

. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662.

. 338 So.2d 584 (La.1976).

. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. McCoil, supra.

. State v. Dixon, 449 So.2d 463, 464 (La. 1984).

. The commitment also reflects defendant was advised of his Boykin rights.

. State v. Campbell, 08-1226, p. 5 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842.

. Id.

.State v. Roberts, 03-933 (La.App. 5 Cir. 12/30/03), 864 So.2d 860, 865 (citing State v. Lewis, 421 So.2d 224, 225 (La. 1982)).

. McCoiL, supra.

. Id.