WICKER, J.
11After filing an application for post-conviction relief, defendant, Benjamin Anderson, received leave to file this out-of-time appeal after pleading guilty to eight counts of monetary instrument abuse in violation of La. R.S. 14:72.2, to six counts of theft of U.S. currency valued over $750 and under $5,000 in violation of La. R.S. 14:67, and to seven counts of bank fraud in violation of La. R.S. 14:71.1.[1] Defendant’s appointed counsel has filed an appellate brief pursuant to Anders v. California and has further filed a motion to withdraw as counsel of record. Defendant has not submitted a pro se supplemental brief. For the following reasons, we grant defense counsel’s motion to withdraw and affirm -defendant’s convictions. Because we find the district court imposed an indeterminate sentence, we vacate defendant’s sentences and remand for resentencing in a manner consistent with this opinion.
STATEMENT OF THE CASE
On November 4, 2015, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with eight counts of monetary instrument abuse in violation of La. R.S. 14:72.2 (counts one, two, seven, nine, ten, nineteen, twenty, and twenty-two), with seven counts of theft of U.S. currency “valued at over $750 under $1,500” in violation of La. R.S. 14:67 (counts three, four, thirteen, fourteen, seventeen, eighteen, and twenty-one), and with seven counts of bank fraud in violation of La. R.S. 14:71.1 (counts five, six, eight, eleven, twelve, fifteen, and sixteen). The bill alleged (1) that counts one through six occurred on July 23, 2015, (2) that counts seven and eight occurred on August 25, 2015, (3) that counts nine through fourteen occurred on August 15, 2015, (4) that counts fifteen through twenty occurred September 28, 2015, and (5) that counts twenty-one and, twenty-two occurred on June 3, 2015. On January 13, 2016, defendant appeared for his arraignment and pled not guilty to these charges.
On March 1, 2016, the State amended the bill of information in open court, reducing count three to a misdemeanor charge of theft óf U.S. currency valued under $750 and correcting a typographical error with respect to counts four, thirteen, fourteen, seventeen, eighteen, and twenty-one such that these counts properly reflected the offense set forth in La. R.S. 14:67(3), involving theft of a value $750 or more, but less than the value of $5,000'. During this March 1, 2016 hearing, defendant withdrew his pleas of not guilty and pled guilty to all offenses charged in the amended bill of information. The record reflects that defendant’s guilty pleas were pursuant to a plea agreement. According to defendant’s Acknowledgment and Waiver of Constitutional Rights form which was signed by the defendant, the State, and the district court, defendant indicated that he understood his sentence would be as follows:
5 years and to be eligible for any and all self-help programs. And to be given *940 credit for all time served. All sentences are to be run concurrent. Pay restitution in the amount of $8,045.77.
At this same hearing, the district court sentenced defendant, as follows:
Having waived all legal delays regarding sentencing, at this time, Mr. Anderson with regard to counts 1, 2, 4, 5, 6, 7, 8, 9, 10,11,12,13,14, 15, 16,17,18, 19; 20,"21 and 22 that’s every charge except for the misdemeanor. With regard to -all those counts, sir, the Court sentences you to five years in Department of Corrections and a $500 fine, plus court costs, as well as, restitution.. .in the amount of $8,045.77....
With regard to Count 3, that is the misdemeanor charge the Court sentences you to six months parish prison and a $250 fíne, plus court costs with regard to that charge or I should say with regard to each count they shall run concurrent with one another, including the misdemeanor charge. The restitution shall also be concurrent on each count.
|aThe. district court also gave defendant credit for time served. Immediately thereafter, the State filed a multiple bill of information, alleging defendant to be a second time offender who previously pled guilty to one felony count of tampering with a governmental record with the intent to defraud or harm in, violation of Texas Penal Code § 37.10 on September 23, 2013. Defendant pled guilty to the multiple bill, and the district court sentenced defendant, as follows:
Having waived all legal delays regarding sentencing at this time, Mr. Anderson, the Court will vacate its sentence previously issued to you on Case No. 15-6338 as to Count 1 only and resentence you as a second felony offender pursuant to Louisiana Revised Statute 15:529.1 to five years in Department of Corrections without the benefit of probation or suspension of sentence, a $500 fine, plus .court costs and restitution in the amount of $8,045.77. That sentence as a second offender on Count 1 is to run concurrent with the sentence I previously gave you oh the remaining counts of Case No. 15-6388.
The district court once again gave defendant credit for time served.
According to the district court, defendant filed an application for post-conviction relief on August 2, 2016. Therein, defendant argued that his multiple bill sentence was excessive and that he was denied the effective assistance of counsel because his attorney did not inform him that this sentence was excessive. On August 8, 2016, the district court granted defendant leave to file an out-of-time appeal and dismissed his application for post-conviction relief without prejudice.
FACTS
. Defendant pled guilty without proceeding to a full trial, and the underlying facts are not fully developed in the record. According to the probable cause affidavit,
The-above suspect went to the business of Southern Coins & Precious Metals 4513 Zenith Street Metairie La. 70001 and attempted to sell a gold chain for scrap. The employee’s [sic] of the business recognized him as a suspect who came in on July 24, 2015 and sold a gold chain for $23.52[. H]e was issued a check from their bank account to the name of the ID he provided on that date, Chester Brown, A short while later he came back to the store and returned the check and asked Lfor his chain back and .returned the check he was issued. The checking account was later compromised with counterfeit checks [sic] one was cashed by Chester Brown.in the amount of $223.52 at 7124 Veterans Blvd. in Metairie. Another check for $876,48 at 701 Metairie Rd..was made payable to *941 Volain Ricky [sic] the suspect made a statement to Sergeant Stanley Brown that he also cashed that check but the ID card he used was taken by [sic]. The suspect was found -to be in possession of a Ohio Driver’s License bearing the name Nathan Reese and the above suspects [sic] photograph. Investigators also obtained a photo copy of a driver’s license used at the business of Causeway Coin and it was the same copy that Southern Coins & Precious Metals had from the July 24th incident in the name of Chester Brown. Investigators are aware of numerous other cases at other local businesses in which the suspect committed the crime using the same mo-dus operandi. Investigators are waiting for additional information on those cases so that an arrest can be made.
ANDERS BRIEF
Under the procedure this Court adopted in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, defendant’s appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, the United States Supreme Court determined that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after, a conscientious examination of it. In Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” 704 So.2d at 241.
When counsel files an Anders brief, an appellate court reviews (1) the bill of information, to insure that the defendant was properly charged, (2) all minute | sentries, to insure that the defendant was present at all crucial stages, (3) all pleadings in the record, and (4) all transcripts, to determine whether any ruling provides an arguable basis for appeal. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that, after a detailed review of the record, she can find no non-frivolous issues to raise on appeal. Appellate counsel asserts that before defendant changed his plea from not guilty to guilty, he was fully informed of the legal consequences of doing so both by his trial counsel and by the district court. While appellate counsel notes that standard motions were filed, she also notes the record does not reflect that either the State or defendant .posed any objections that would, support, a decision from this Court to reject defendant’s guilty *942 plea. Further, appellate counsel asserts that in addition to the extensive waiver and plea form filled out by defendant and his trial attorney, an examination of the plea colloquy reveals that the district court was thorough in explaining and making sure defendant understood the rights he was waiving by pleading guilty. Appellate counsel states that the district court informed defendant of the sentencing ranges for the offenses for which he was charged. Further, appellate counsel states that the district court conducted another colloquy regarding the multiple offender bill waiver of rights form, informing him of his right to a | ^hearing and the sentencing range under the multiple offender bill. Because defendant’s appellate counsel can find no non-frivolous issue for appeal, counsel requests that this Court grant her motion to withdraw.
The State agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record.
This Court sent defendant a letter by certified mail informing him that appellate counsel had filed an Anders brief in this case and that he had until November 11, 2016, to file a pro se supplemental brief. Because of confusion as to whether or not defendant had received the record in sufficient time to prepare his pro se supplemental brief, this Court granted defendant several extensions of time to file his brief. Nevertheless, defendant failed to file a pro se supplemental brief in this case.
An independent review of the record supports defense counsel’s assertion that there are no non-frivolous issues concerning defendant’s convictions.
First, the bill of information properly charged defendant, plainly and concisely stated the essential facts constituting the offenses charged, and sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 463-466.
Further, the minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him. The record reflects defendant was present at his arraignment and at the March 1, 2016 hearing at which the district court received defendant’s guilty pleas, conducted the multiple offender proceeding, including his stipulation and enhanced sentencing, and sentenced defendant on all counts. Accordingly, we find no appealable issues surrounding defendant’s presence.
Additionally, defendant pled guilty in this case and stipulated to being a second felony offender as alleged in the multiple bill. Generally when a defendant 17pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, which precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 465, 459. Further, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304. Here, defendant entered an unqualified guilty plea, and therefore, it appears that all non-jurisdictional defects were waived. No rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584, 588 (La. 1976).
Our review of the record indicates that defendant filed pre-trial motions, including motions to suppress identification, evidence, and confession, and it does not appear the district court ruled on these motions prior to the time defendant entered his guilty plea. Because defendant did not object to the district court’s failure to hear or rule on his pre-trial motions *943 prior to the entry of his guilty plea, we find defendant waived the motions. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, when the Boykin[2] colloquy is inadequate, or when á defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that plea bargain is not kept. Id.
IsA review of the record reveals no constitutional infirmity in defendant’s guilty pleas to the underlying charges. First, despite an error made by the district court when reciting the charges during the plea colloquy, we find, defendant’s guilty pleas were entered freely and voluntarily. In conducting the plea colloquy with defendant, the district court misspoke when describing the number of counts with which defendant was charged and to which defendant would plead guilty. The amended bill of information charged defendant with eight counts of monetary instrument abuse in violation of La. R.S. 14:72.2, with six counts of theft of a value over $750 and under $5,000 in violation of La. R.S. 14:67, and with seven counts of bank fraud in violation of La. R.S. 14:71.1. At the hearing, however, -the district court asked defendant whether he understood that he was pleading guilty to six counts of monetary instrument abuse, seven counts of theft, and seven counts of bank fraud. Defendant answered affirmatively that he understood. Nevertheless, we find that defendant knowingly and voluntarily pled guilty to the counts charged in the amended bill of information.' Prior to the plea colloquy, defendant executed an Acknowledgment and Waiver of Constitutional Rights form—signed by defendant, defense counsel, and the district court—on which defendant wrote by hand that he was pleading guilty to the following crimes: “14:72.2 monetary instrument abuse (x8), 14:67 theft (x6), and 14:71.1 bank fraud (x7).” At the plea colloquy, the district court refer--enced this Acknowledgment and Waiver of Constitutional Rights form, questioning defendant as to whether he understood the concepts contained in the form and had signed the form at the bottom. Defendant responded affirmatively to both questions. We find that this constitutes a sufficient affirmative showing that, prior to the plea colloquy, defendant understood the nature and number of counts to which he intended to plead. See State v. Dunn, 390 So.2d 525, 527 (La. 1980). Thus, the district court’s technical error in miscounting the number of offenses during the plea colloquy did not affect defendant’s ^substantial rights because, as to entering his plea, defendant acknowledged both the number and nature of the charged offenses on the waiver of rights form. See State v. Ursin, 98-435 (La.App. 5 Cir. 10/28/98), 720 So.2d 1248, 1250. This error was harmless.
Further,.we find that the district court properly advised defendant of his rights under Boykin and defendant knowingly and voluntarily waived those rights. A valid guilty plea under Boykin requires only that a defendant be informed of his constitutional rights against' self-incrimination, to a trial by jury, and to confront his accusers. State v. Cummings, 10-891 (La.App. 5 Cir. 10/25/11), 79 So.3d 386, 402 (citing State v. Nuccio, 454 So.2d 93, 104 (La. 1984)). An examination of the *944 hearing transcript reflects the district court properly informed defendant of these rights as well as his right to representation at every stage of the proceedings. Defendant indicated to the court that he understood that he had these rights and that he was waiving them by pleading guilty. Moreover, the Acknowledgment and Waiver of Rights form defendant signed also reflects that defendant was advised of these rights and that he understood them. During his guilty plea colloquy and in his Acknowledgment and Waiver of Rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant also acknowledged both in open court and in the waiver of rights form that his guilty pleas could be used to enhance a penalty for any future conviction. Defendant was also informed during the colloquy, and in the waiver of rights form, of the maximum sentences and of the actual sentences that would be imposed if his guilty pleas were accepted. After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.
La. C.Cr.P. art. 556.1(A)(1) requires that the district court “shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally | min open court and informing him of, and determining that he understands. . .[t]he- nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.” Although the district court informed defendant of the maximum sentences he faced, the district court did not inform defendant of the mandatory minimum penalty he faced under La. R.S. 14:72.2.[3] Moreover, the district court also did not expressly disclose the plea agreement in open court as required by La. C.Cr.P. art. 556.1(C). However, a violation of La. C.Cr.P. art. 556.1, which does not rise to the level of a Boykin violation, is subject to “harmless error” analysis. State v. Williams, 12-299 (La.App. 5 Cir. 12/11/12), 106 So.3d 1068, 1074. Here, we do not find issues sufficient to support an appeal. See State v. Otkins, 11-563 (La. App. 5 Cir. 12/13/11), 81 So.3d 150, 154. The Louisiana Supreme Court has clearly held that the core Boykin constitutional requirements have never been extended to include advice with respect to sentencing. Id. Moreover, in determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Id. In thé present case, the record shows defendant conferred with his attorney before entering his guilty pleas and was cleaWy advised of the actual sentences he would receive by pleading guilty. Nothing in the record suggests that defendant would have changed his plea based on the mandatory minimum sentence he faced for his violations of La. R.S. 14:72.2. Accordingly, we find these technical violations of La. C.Cr.P. art. 556.1 to be harmless.
As previously mentioned, the district court did not expressly disclose defendant’s plea agreement in open court. The record reflects defendant fully understood the consequences of pleading guilty and the sentences the State agreed lnhe would receive. However, during the- plea colloquy and prior to pleading guilty* defendant indicated that he had executed the Acknowledgment and Waiver of Constitutional Rights form and the Felony Conditions of Probation form. These forms—with each term of .defendant’s proposed sentences *945 initialed by defendant—together indicate that defendant understood the actual sentences to which he and the State agreed, and they constitute a sufficient affirmative showing of defendant’s express and knowing waiver. See Dunn, 390 So.2d at 527. At this juncture, we cannot discern any constitutional infirmity with defendant’s guilty pleas.[4]
Our review of the record reflects that the district court failed to recite a factual basis in the record for defendant’s guilty pleas. “[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.” State v. Smith, 09-769 (La.App. 5 Cir. 3/9/10), 38 So.3d 894, 896 n.1, writ denied, 10-843 (La. 11/5/10), 50 So.3d 812. Due process requires a factual basis for a defendant’s guilty plea only when a defendant proclaimed his innocence or when the trial court was otherwise put on notice that there was a need for an inquiry into the factual basis. Id. Here, defendant has not proclaimed his innocence, and the trial court was not put on notice that there was a need for a factual basis. Accordingly, we find no reversible error.
|12A review of the record also reveals no constitutional infirmity in defendant’s stipulation to the multiple bill. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the state failed to produce sufficient proof at the multiple offender hearing. See State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304. The Multiple Offender Waiver of Constitutional Rights form, which defendant executed in conjunction with the multiple bill plea colloquy, indicates that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. The district court also informed defendant of these rights at the hearing. Both during the multiple bill plea colloquy and on the Multiple Offender Waiver of Constitutional Rights form, defendant was also advised of the potential sentencing range of “not less than five years, no more than 20 years in the Department of Corrections” as a second felony offender. On the Multiple Offender Waiver of Constitutional Rights form, defendant indicated that the actual sentence that would be imposed was “five years without benefits to run concurrent.” The Multiple Offender Waiver of Constitutional Rights form also indicates that defendant was satisfied with his attorney and the trial judge’s efforts to explain the rights he was waiving and the consequences of the guilty pleas and that he had not been forced, threatened, or *946 coerced into stipulating to the multiple bill. After conducting the plea colloquy, the district court accepted his stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made by defendant. We find no error in this determination.
Defendant’s appellate counsel submits that defendant’s sentences are not subject to review on appeal. La. C.Cr.P. art. 881.2(A)(2) provides that “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” | ^However, as we will discuss below, there are errors patent concerning the legality of defendant’s sentence. See State v. Gottke, 14-769 (La.App. 3 Cir. 12/17/14), 154 So.3d 1250, 1255; State v. Cabanas, 552 So.2d 1040, 1046 (La. App. 1 Cir. 1989) (“Notwithstanding that defendant’s sentence may have been negotiated pursuant to a plea bargain, in imposing sentence ..., the trial court imposed an illegal, indeterminate sentence.... Regardless of whether or not the sentence was negotiated pursuant to a plea bargain, this matter must be remanded to the trial court for resentencing to correct the illegal sentence .... ”).
ERRORS PATENT
Although defense counsel’s brief requests an errors patent review, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether defendant makes such a request.
Our independent review of the record has revealed an error with respect to defendant’s sentences. After examining the commitment and the transcript of defendant’s sentencing, we find that defendant’s sentences on counts one, two, and four through twenty-two are indeterminate in violation of La. C.Cr.P. art. 879. At defendant’s sentencing hearing, the district court summarily sentenced defendant on eight counts of monetary instrument abuse in violation of La. R.S. 14:72.2 (counts one, two, seven, nine, ten, nineteen, twenty, and twenty-two), on six counts of theft in violation of La. R.S. 14:67 (counts four, thirteen, fourteen, seventeen, eighteen, and twenty-one), and on seven counts of bank fraud in violation of La. R.S. 14:71.1 (counts five, six, eight, eleven, twelve, fifteen, and sixteen) to “five years in Department of Corrections and a $500 fine, plus court costs, as well as restitution.” The court then specified that the total amount of restitution “to all the litigants” was $8,045.77. In sentencing defendant on count three, a misdemeanor charge, the district court sought to clarify defendant’s sentences: “I should say with 114regard to each count they shall run concurrent with one another, including the misdemeanor charge. The restitution shall also be concurrent on each count.”[5] The commitment reflects that the district court imposed a single $500 fine and restitution in the amount of $8,045.77 but it does not specify the count or counts with which the fine and restitution are associated. Thereafter, during the multiple bill colloquy, after accepting defendant’s stipulation that he was a multiple offender, the district court vacated its sentence on count one and resentenced defendant on this count as a second felony offender pursuant to La. R.S. 15:529.1 to “five years in Department of Corrections without benefit of pro *947 bation or suspension of sentence, a $500 fíne, plus court costs and restitution in the amount of $8,045.77.” The court indicated that this sentence “as a second offender on Count 1 is to run concurrent with the sentence I previously gave you on the remaining counts of Case No. 15-6388.”
The sentences the district court imposed are indeterminate and violate La. C.Cr.P. art. 879 for three reasons. First, with respect to counts two and four through twenty-two, it is not clear whether the district court imposed one sentence for each separate count or only one sentence for all twenty-one counts. A sentencing court must impose a separate sentence for each separate count on which a defendant is convicted. State v. Cambre, 04-1317 (La. App. 5 Cir. 4/26/05), 902 So.2d 473, 485. Next, the offenses to which defendant pled guilty and pursuant to which defendant was sentenced authorize fines in differing amounts. While La. R.S. 14:71.1 provides that the court may impose a fíne of “not more than one hundred thousand dollars” and La. R.S. 14:67 permits the court to impose a fine of “not more than three thousand dollars,” La. R.S. 14:72.2 affords the district court the discretion to impose a fine “not more than one million dollars but not less than 11Bfive thousand dollars.” However, La. R.S. 15:529.1, the multiple offender statute, does not authorize the imposition of a fine but only provides for enhanced sentences relating to the term of imprisonment. State v. Dickerson, 91-1120 (La. 9/6/91), 584 So.2d 1140. From the transcript and from the commitment, it is clear that the district court intended to impose a $500 fine in resentencing defendant on count one as a second felony offender. It is also clear that the district court did not have the power to impose a fine under the multiple offender statute. However, with respect to counts two and four through twenty-two, it is not clear either from the transcript or from the commitment with which of the other count or counts the district court wished to associate a $500 fine. See State v. Gardner, 16-13 (La.App. 5 Cir. 9/8/16), 202 So.3d 513, 517-18 (vacating defendant’s sentences and remanding for clarification because the district court did not specify whether the fine was imposed with respect to count one or count two). Finally, the Louisiana Supreme Court has held that a sentence of restitution is indeterminate if the sentencing court fails to specify the amount of restitution and the count or counts on which restitution is imposed. State v. Fussell, 06-2595 (La. 1/16/08), 974 So.2d 1223, 1239; State v. Williamson, 04-1440 (La. App. 3 Cir. 3/2/05), 896 So.2d 302, 303-05 (finding an order of restitution indeterminate where the court ordered defendant to pay a total amount but where the restitution order did not specify the count or counts on which the restitution was imposed or the amount owed to each of the three victims). Here, the district court failed to specify the count or counts on which restitution was imposed, the amount of restitution imposed on each count, and the amount owed to each victim. Because we find defendant’s sentences on counts one, two, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, and twenty-two to be indeterminate, we vacate these sentences and remand for resentencing on these counts. On remand, we instruct the district court to impose a | ¶ r,separate, individual sentence for each count. See State v. Gibson, 12-350 (La.App. 5 Cir. 10/30/12), 103 So.3d 641, 651-52.
CONCLUSION AND DECREE
In accordance with Anders and Jyles, we have performed a thorough review of the record and have confirmed the statements by counsel. As discussed above, de *948 fendant’s sentences are vacated due to the presence of an error patent. Other than this error patent, our review of the record reveals no non-frivolous issues defendant could raise on appeal. Accordingly,- we grant appellate counsel’s motion to withdraw.[6]
For the foregoing reasons, we affirm defendant’s convictions, vacate his sentences, and remand to the district court for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING; MOTION TO WITHDRAW GRANTED.

. Defendant also entered a guilty plea for one count of misdemeanor theft of U.S. currency valued under $750 in violation of La. R.S. 14:72.2. The proper procedure for seeking review of a misdemeanor is an application for writ of review directed to this Court to exercise its supervisory jurisdiction. La. C.Cr.P. art. 912.1(C); State v. Jones, 12-640 c/w 12-641 (La. App. 5 Cir. 10/30/13), 128 So.3d 436, 441-42. Defendant did not seek review of this misdemeanor conviction. Therefore, this conviction is not before us.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. La. R.S. 14:67 and La. R.S. 14:71.1 do not set forth mandatory minimum penalties.

. Because we find the district court erred in imposing indeterminate sentences on all counts, we vacate defendant's sentences and remand for resentencing. Generally, our inquiry into whether or not defendant knowingly and voluntarily pled guilty involves an examination of whether defendant was "induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.” McCoil, 924 So.2d at 1124; State v. Holmes, 475 So.2d 1057, 1059 (La. 1985) ("When the state promises a fixed punishment for certain criminal conduct, and defendant relies on that promise in pleading guilty, the state must fulfill its bargain.”). Because the district court must resentence defendant, it is not clear yet how defendant’s plea agreements will correspond to the sentence he will receive. Accordingly, we reserve for defendant his right to file a motion to withdraw his guilty pleas if he can show constitutional infirmity following resentencing.

. According to Black's Law Dictionary (10th ed, 2009), the words "concurrent sentences” refer to "[t]wo or more sentences of jail time to be served simultaneously.” The district court's use of the word "concurrent” in the sentencing context with respect to its imposition of fines and restitution adds to the confusion already present,

. We grant the motion to withdraw despite the remand for resentencing because this defendant' is represented by different counsel at the trial (Indigent Defender's Board) and the appellate (Louisiana Appellate Project) levels, Thus, the district court will appoinit/reappoint counsel for defendant at the resentencing hearing.