JOHNSON, J.
Defendant/Appellant, Terrance P. Hudson a/k/a "Pepper," appeals his sentences for manslaughter, attempted second degree murder, and intimidation of a witness from the 24th Judicial District Court, Division "O". For the following reasons, we affirm Defendant's convictions and sentences on counts one and two, vacate Defendant's sentence on count three, and remand the matter for resentencing consistent with this opinion. Additionally, we remand the matter for correction of the uniform commitment order.
FACTS AND PROCEDURAL HISTORY
On March 26, 2015, a Jefferson Parish Grand Jury indicted Defendant with second degree murder, in violation of La. R.S. 14:30.1. Defendant was arraigned on March 27, 2015, and pleaded not guilty. On January 12, 2017, a Jefferson Parish Grand Jury returned a superseding indictment charging Defendant with second degree murder, in violation of La. R.S. 14:30.1 (count one), attempted second degree murder, in violation of La. R.S. 14:30.1 and La. R.S. 14:27 (count two), and intimidation of a witness, in violation of La. R.S. 14:129.1 (count three). Defendant was re-arraigned on January 13, 2017, and pleaded not guilty. On September 11, 2017, the State amended the indictment as to the dates of occurrence in count three. On September 12, 2017, the State amended count one of the indictment to manslaughter, in violation of La. R.S. 14:31.
Afterward, on that same date, Defendant withdrew his not guilty pleas and pleaded guilty as charged. Because Defendant pleaded guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the amended superseding indictment that on or about December 7, 2014, Defendant, in Jefferson Parish, violated La. R.S. 14:31, in that he committed the manslaughter of Maurcell Mitchell (count one). The State also alleged in that same indictment that on or about December 7, 2014, Defendant, in Jefferson Parish, violated La. R.S. 14:30.1 and La. R.S. 14:27, in that he attempted to commit the second degree murder of Kentrell *254 Riley (count two). The State further alleged that on or between December 7, 2014 and September 11, 2017, Defendant, in Jefferson Parish, violated La. R.S. 14:129.1, in that he "intimidate[d], impede[d], by force or threats of force to Israel Jones" with the intent to influence his testimony in a judicial proceeding, reporting of criminal conduct, or appearance at a judicial proceeding (count three).[1]
During the colloquy, the State provided the following factual basis:
Your Honor, if this matter would go to trial, the State would be able to prove beyond a reasonable doubt as to count 1, that on or about December the 7th of 2014, the defendant violated Revised Statute 14:31, in that he did commit manslaughter, being responsible for the murder of Marcel Mitchell.
As to count 2, that on that same date of December the 7th, 2014, the defendant violated Revised Statute 14:2730.1 [sic] in that he did attempt to commit second degree murder of Kentrell Riley.
And as to count 3, on or between December the 7th, 2014, and September the 11th of 2017, the defendant violated Revised Statute 14:129.1 in that he did intimidate, impede by force or threats of force Israel Jones with the intent of influencing his testimony in judicial proceedings reporting criminal conduct or appearance at a judicial proceeding.
After hearing the factual basis, Defendant indicated that he committed those crimes. The trial judge, thereafter, sentenced Defendant to imprisonment at hard labor for 30 years on each count, with the sentences to run concurrently with each other and with any other sentence Defendant may have been serving at the time. On September 13, 2017, the trial judge vacated those sentences, resentenced Defendant to imprisonment at hard labor for 30 years on each count to run concurrently with each other and with any other sentence Defendant may have been serving at the time, and gave him credit for time served. The trial judge also ordered the sentence on count two to be served without benefit of parole, probation, or suspension of sentence. On October 10, 2017, Defendant filed a timely pro se motion for appeal, which was granted. The instant appeal followed.
ASSIGNMENTS OF ERROR
In his counseled assignment of error, Defendant requests that this Court review the record for any errors patent. In pro se assignments of error, Defendant alleges the trial court erred in imposing three concurrent 30-year sentences for his convictions, as those sentences were not in conformity with his plea agreement; his sentence for the intimidation of a witness conviction is illegal; and, the trial court erred in restricting parole for his attempted second degree murder conviction.
LAW AND ANALYSIS
Anders Brief
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a *255 brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must "be accompanied by 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles , supra at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , supra at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues concerning Defendant's conviction to be raised on appeal.
The indictment properly charged Defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified Defendant and the crimes charged. See La. C.Cr.P. arts. 462 - 466. Furthermore, the minute entries reflect that Defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty pleas, and sentencing. As such, there are no appealable issues surrounding Defendant's presence.
Further, Defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, the defendant normally waives all non-jurisdictional defects *256 in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, Defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are waived. No rulings were preserved for appellate review under the holding in State v. Crosby , 338 So.2d 584 (La. 1976).
Defendant filed a pro se motion to suppress the evidence; however, the record does not indicate it was ruled upon. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Defendant did not object to the trial court's failure to rule on his motion to suppress the evidence prior to pleading guilty. As such, we find that motion was waived.
Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no constitutional infirmity in Defendant's guilty pleas. The record shows that Defendant was aware he was charged with and pleading guilty to the crimes of manslaughter, attempted second degree murder, and intimidation of a witness. On the waiver of rights form and during the colloquy with the trial judge, Defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin , supra . Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, Defendant also indicated that he understood those rights. During his guilty plea colloquy and in his waiver of rights form, Defendant indicated that he had not been forced or coerced into entering his guilty plea. After the colloquy with Defendant, the trial court accepted Defendant's pleas as knowingly and voluntarily made.
As to the sentences, Defendant was informed during the colloquy and in the waiver of rights form of the maximum sentences for the offenses of manslaughter, attempted second degree murder, and intimidation of a witness (counts one, two, and three, respectively). In the waiver of rights form, he was informed of the actual sentences that would be imposed if his guilty pleas were accepted. The trial judge informed Defendant that the maximum sentence that could be imposed on each count was 40 years. She did not inform Defendant of the minimum sentences for each count; however, the penalty for manslaughter is not more than 40 years. See , La. R.S. 14:31. The trial judge incorrectly informed Defendant of the maximum sentence for attempted second degree murder. She advised Defendant that the maximum sentence for that offense was 40 years; however, the sentencing range for attempted second degree murder under La. R.S. 14:30.1 and La. R.S. 14:27, is ten to 50 years without benefit of parole, probation, or suspension of sentence.
As to the conviction for intimidation of a witness (count three), the trial judge imposed an illegal sentence. At the *257 time of the offenses, La. R.S. 14:129.1(C) provided the sentencing ranges for a violation of that statute as follows, in pertinent part:
(2) Whoever violates the provisions of this Section in a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both.
(3) Whoever violates the provisions of this Section in a criminal proceeding in which a sentence of imprisonment necessarily served at hard labor for any period less than a life sentence may be imposed, the offender shall be fined not more than fifty thousand dollars, or imprisoned for not more than twenty years at hard labor, or both.
(4) Whoever violates the provisions of this Section in a criminal proceeding in which any other sentence may be imposed, the offender shall be fined not more than ten thousand dollars, imprisoned for not more than five years, with or without hard labor, or both.
In the instant case, the trial judge sentenced Defendant to imprisonment at hard labor for 30 years on count three. However, because the instant case involves a criminal proceeding where a sentence of imprisonment is necessarily at hard labor for less than a life sentence, Defendant should have been sentenced under La. R.S. 14:129.1(C)(3), which provides for a possible sentence of a fine of not more than $50,000, or imprisonment for not more than 20 years, or both. The trial judge imposed an illegal sentence on count three, since she sentenced Defendant to 30 years on count three when the applicable sentencing provision only provides for a maximum sentence of 20 years. Because the sentence on count three is illegal, we vacate that sentence and remand for resentencing on that count only.[5]
We further note, La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.
In the instant case, any violation of Article 556.1 did not cause prejudice, since Defendant knew the sentences he would receive on counts one and two, and he received those sentences. Thus, we find that the advisement of the agreed upon sentences on counts one and two was sufficient for compliance with La. C.Cr.P. art. 556.1. See Id. , at 64 ; State v. Broadway , 40,569 (La. App. 2 Cir. 1/25/06), 920 So.2d 960, 963.
Additionally, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. The record reflects that Defendant was sentenced in conformity with the plea agreement that was set forth in the record at the time of the plea. However, as was discussed above, *258 although his sentences on counts one and two fall within the sentencing ranges set forth in the statutes, the sentence on count three does not fall within the sentencing range set forth in the statute. See , La. R.S. 14:31 ; La. R.S. 14:30.1 ; La. R.S. 14:27 ; La. R.S. 14:129.1. In any event, Defendant's plea agreement was beneficial to him in that he was originally indicted in count one with second degree murder for which he could have received a life sentence; however, the State amended that charge to manslaughter, and he received a 30-year sentence on that count to run concurrently with the sentences on counts two and three.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, except for the sentence on count three that can be addressed by this Court in an error patent review, appellate counsel's motion to withdraw as attorney of record is granted.[6]
30-year concurrent sentences
Defendant claims that he instructed his trial counsel to inform the prosecutor that, in addition to reducing the second degree murder charge to manslaughter in count one, Defendant also wanted the prosecutor to consider a counteroffer of 25 years on each count to run concurrently. He also claims that his trial counsel approached the prosecutor who tentatively agreed to those terms pending final approval from his supervisor. Defendant argues that as a consequence, he was improperly induced to enter guilty pleas. In support of his position, he points to the September 11, 2017 transcript, which he says reflects that the defense approached the State with a plea offer and the prosecutor said he intended to recommend to his supervisor. Defendant acknowledges, however, that at the sentencing hearing the next day, the State and his counsel omitted any specific reference to Defendant's proposed sentencing counteroffer of 25 years. He contends that as a result of the prejudicial omission of this material information from the record, the State prosecutor and trial counsel, through their silence, induced him to plead guilty on the erroneous assumption that the 25-year sentence had been approved by implication. Defendant states that when he was resentenced on the following day, he believed that the trial court was going to correct his sentences. However, Defendant notes that the prosecutor failed to clarify to the court whether the 25-year sentences had been approved by the district attorney. He also notes that trial counsel did not consult with him to explain the State's final decision on the proposed counteroffer of 25 years.
A review of the record reveals no constitutional infirmity in Defendant's guilty pleas. The record reflects that Defendant was aware of the crimes to which he was pleading guilty and that he was advised of and waived his rights. He indicated that he was not forced or coerced into entering his guilty pleas. The record also reflects that Defendant was informed by the waiver of rights form of the actual sentences that would be imposed if his guilty pleas were accepted, i.e. , 30 years on each count to run concurrently, and that he received those sentences. Neither the transcript nor *259 the waiver of rights form reflects that Defendant was to be sentenced to three concurrent 25-year sentences. There is nothing in the record to support Defendant's claim that his guilty pleas were contingent upon him receiving three concurrent 25-year sentences. As such, we find that this claim is without merit.
Illegal sentence
Defendant argues that his sentence on count three is illegal. Because we have previously determined in this opinion that his sentence on count three is illegal and vacated the sentence, we hold that this issue is moot.
Parole restriction
Defendant argues that the trial court erred by restricting parole on count two, attempted second degree murder, citing La. C.Cr.P. art. 890.1 and Louisiana's Justice Reinvestment Reform Act.[7]
La. C.Cr.P. art. 890.1 provides for the waiver of minimum mandatory sentences, in pertinent part:
A. Notwithstanding any other provision of law to the contrary, if a felony or misdemeanor offense specifies a sentence with a minimum term of confinement or a minimum fine, or that the sentence shall be served without benefit of parole, probation, or suspension of sentence, the court, upon conviction, in sentencing the offender shall impose the sentence as provided in the penalty provisions for that offense, unless one of the following occurs:
(1) The defendant pled guilty pursuant to a negotiated plea agreement with the prosecution and the court, which specifies that the sentence shall be served with benefit of parole, probation, or suspension of sentence or specifies a reduced fine or term of confinement.
(2) In cases resulting in trial, the prosecution, the defendant, and the court entered into a post-conviction agreement, which specifies that the sentence shall be served with benefit of parole, probation, or suspension of sentence or specifies a reduced fine or term of confinement.
***
E. At the time the sentence is imposed pursuant to this Article, the Uniform Commitment Sentencing Order shall specify that the sentence is imposed pursuant to the provisions of this Article.
In the instant case, the transcript reflects that Defendant pleaded guilty to attempted second degree murder in count two in violation of La. R.S. 14:27 and La. R.S. 14:30.1 and was sentenced to imprisonment in the Department of Corrections for 30 years without benefit of parole, probation, or suspension of sentence. A review of those statutes indicates that the trial judge correctly ordered the sentence on count two to be served without benefit of parole, probation, or suspension of sentence. Also, the record does not indicate that the plea was entered pursuant to La. C.Cr.P. art. 890.1. As such, we find that Defendant's claim is without merit.
Errors Patent Review
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
The date of offense for all counts on the uniform commitment order (UCO) is December 7, 2014. However, the State indicated in the factual basis that the date of offense on count one was on or about December 7, 2014, the date of offense on *260 count two was December 7, 2014, and the dates of offense on count three were on or between December 7, 2014 and September 11, 2017. The amended indictment indicates that counts one and two occurred on or about December 7, 2014, and that count three occurred on or between December 7, 2014 and September 11, 2017.[8] This Court has previously remanded cases for correction of the UCO in its errors patent reviews. See , State v. Lyons , 13-564 (La. App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied , 14-0481 (La. 11/7/14), 152 So.3d 170. In light of the foregoing, we remand this matter for correction of the September 13, 2017 UCO, as identified above, to ensure accuracy of the record and direct the 24th Judicial District Court Clerk of Court to transmit the corrected UCO to the appropriate authorities, in accordance with La. C.Cr.P. art. 892(B)(2), and to the Department of Corrections' legal department. See , State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
DECREE
For the foregoing reasons, we affirm all of Defendant's convictions and the sentences on counts one and two. Furthermore, we vacate Defendant's sentence on count three and remand the matter for resentencing. Additionally, we grant the motion to withdraw and remand the matter for correction of the uniform commitment order.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED ON COUNTS ONE AND TWO; SENTENCE ON COUNT THREE VACATED; MOTION TO WITHDRAW GRANTED; REMANDED FOR RESENTENCING AND CORRECTION OF THE UNIFORM COMMITMENT ORDER

La. R.S. 14:129.1 provides in pertinent part:
A. No person shall intentionally:
(1) Intimidate or impede, by threat of force or force, or attempt to intimidate or impede, by threat of force or force, a witness or a member of his immediate family with intent to influence his testimony, his reporting of criminal conduct, or his appearance at a judicial proceeding.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

La. C.Cr.P. art. 882(A) provides, "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review."

Appellate counsel's motion to withdraw is granted, despite the remand for resentencing. Defendant was represented by different counsel at trial, the Indigent Defender Board, than the counsel representing him on appeal, the Louisiana Appellate Project. Thus, the trial court shall appoint trial counsel for Defendant at resentencing on remand. See , State v. Anderson , 16-537 (La. App. 5 Cir. 5/17/17), 222 So.3d 935, 948 n. 6.

It appears Defendant is referring to the criminal justice reforms implemented by La. Acts 2017, Nos. 258, 260, 261, 262, 264, 265, 277, 280, 281, and 282.

The factual basis is somewhat different in that the State indicated that the date of offense on count one was on or about December 7, 2014, the date of offense on count two was December 7, 2014, and the dates of offense on count three were on or between December 7, 2014 and September 11, 2017.