CHEHARDY, C.J.
*1317 Defendant, Rahson K. Smith, appeals his convictions of and sentences for attempted possession of a firearm by a convicted felon and illegal possession of stolen things. His appointed appellate counsel has filed a brief in conformity with the procedure outlined in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, asserting that she has thoroughly reviewed the district court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241, appointed appellate counsel requests permission to withdraw as counsel of record for defendant. After a thorough review of the record, defendant's convictions are affirmed, defendant's sentence on count two is affirmed, defendant's sentence on count one is vacated, the matter is remanded for resentencing, and counsel's motion to withdraw as counsel of record is granted.
PROCEDURAL HISTORY
On April 17, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Rashon K. Smith, with one count of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count one), and one count of illegal possession of stolen things valued at over $1,500, a violation of La. R.S. 14:69 (count two).[1] Defendant was arraigned on April 21, 2014, and pled not guilty to the charges.
On July 28, 2014, defendant filed a motion to appoint a sanity commission to determine competency, which the district court granted on July 29, 2014. A sanity commission was appointed, and after evaluation, defendant was found competent to proceed to trial. On July 8, 2015, defendant filed a motion to suppress evidence, which was never ruled upon by the district court.
On December 14, 2015, count one was amended to charge defendant with attempted possession of a firearm by a convicted felon, a violation of La. R.S. 14:27 and La. R.S. 14:95.1. Immediately following this amendment, defendant withdrew his pleas of not guilty, and after being advised of his Boykin[2] rights, pled guilty *1318 to counts one and two of the amended bill of information. In accordance with the plea agreement, defendant was then sentenced on each count to concurrent eight-year sentences of imprisonment with the Department of Corrections.
On December 21, 2017, defendant filed a Uniform Application for Post-Conviction Relief signed and dated December 13, 2017. Construing this as a motion for an out-of-time appeal, the district court granted defendant an appeal on January 3, 2018. Defendant's appointed appellate counsel thereafter filed an appellate brief pursuant to Anders , supra and a motion to withdraw as counsel of record.
FACTS
Because defendant's convictions were the result of guilty pleas, the underlying facts of his convictions are not fully developed in the record. However the amended bill of information alleged, with respect to count one, that on or about January 9, 2014 in Jefferson Parish, defendant violated La. R.S. 14:27 and La. R.S. 14:95.1, in that he did attempt to possess a firearm, "having been previously convicted of the crime of unauthorized entry of an inhabited dwelling, in violation of 14:62.3, under case number 10-4897, Division 'K' in the 24th Judicial District Court." With respect to count two, the amended bill of information alleged that on January 9, 2014, defendant violated La. R.S. 14:69 in that he did "intentionally possess, procure, receive, or conceal [a] 2012 Ducati Motorcycle, belonging to Joseph Dalton valued at over $1,500.00, which has been the subject of a robbery or theft, under circumstances which indicate that the defendant knew or had good reason to believe was the subject of one of these offenses."
ANDERS BRIEF
Under the procedure adopted by this Court in Bradford , supra , appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the district court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders , supra and Jyles , supra , appointed counsel requests permission to withdraw as counsel of record.
In Anders , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , supra , the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , supra at 1110. If, after an independent review, the reviewing *1319 court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
DISCUSSION
Defendant's appellate counsel asserts in her brief that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel asserts that defendant pled guilty pursuant to a plea agreement, which was properly accepted by the district court after defendant was fully informed of his constitutional rights to a jury trial, to confront witnesses, and against self-incrimination. Counsel indicates that defendant understood he was waiving these rights by pleading guilty. Counsel also states that defendant was informed of the sentencing ranges for the offenses, the sentences that were to be imposed, and that the district court imposed the agreed upon sentences pursuant to the plea agreement, precluding defendant from challenging his sentences on appeal.
Appellate counsel further indicates that defendant has been notified regarding the filing of counsel's motion to withdraw, as well as his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail on April 18, 2018 informing him that an Anders brief had been filed and that he had until May 17, 2018, to file a pro se supplemental brief. Defendant filed a pro se supplemental brief, in which he raised two assignments of error that we address herein.
Likewise, in its brief, the State recounts the pertinent procedural history of this case and agrees with appellate counsel that there are no non-frivolous issues for appellate review. The State maintains that, as shown by the record, defendant voluntarily and intelligently entered pleas of guilty and that there are no non-frivolous issues to raise on appeal. The State asserts that the district court conducted a Boykin colloquy with defendant and explained to him the rights he was waiving by pleading guilty. The State further notes that defendant did not reserve any rights to appeal pre-trial rulings of the district court prior to pleading guilty, and as such, any claims relating to such rulings have been waived.
The State also responds that appellate counsel's brief shows a conscientious and thorough review of the procedural history of the case with references to the record for the convenience of this Court. The State notes that appellate counsel has "cast an advocate's eye" over the record and determined there were no non-frivolous issues to raise on appeal. As such, it maintains that appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles , and should be granted permission to withdraw.
We now conduct our independent review of the record to determine whether there any non-frivolous issues to be raised on appeal.
The amended bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. See generally La. C.Cr.P. arts. 464 - 466. Also, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea proceeding, and his sentencing. Defendant's presence does not support any claims on appeal.
*1320 Defendant pled guilty to attempted possession of a firearm by a convicted felon, in violation of La. R.S. 14:27 and La. R.S. 14:95.1, and to possession of stolen things valued at over $1,500.00, in violation of La. R.S. 14:69. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects have been waived and no rulings were preserved for appeal under State v. Crosby , 338 So.2d 584 (La. 1976).
The record also reflects that defendant filed a motion to suppress, which was not ruled upon prior to defendant's guilty pleas. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Here, defendant did not object to the district court's failure to hear or rule on his pre-trial motion prior to his guilty pleas, and the motion is therefore considered waived.
Additionally, our review of the record reveals no irregularities in defendant's guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
The record shows defendant was aware he was pleading guilty to one count of attempted possession of a firearm by a convicted felon, a violation of La. R.S. 14:27 and La. R.S. 14:95.1, and one count of possession of stolen things valued at over $1,500.00, a violation of La. R.S. 14:69. Defendant was properly advised of his Boykin rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant made an affirmative notation next to each of these rights and placed his signature at the end of the form, indicating that he understood he was waiving these rights by pleading guilty. Defendant also verbally indicated that he understood he was waiving these rights during the colloquy with the court. Defendant further indicated, both during his guilty plea colloquy and in his waiver of rights form, that he had not been forced, coerced, or threatened into entering his guilty pleas.
Defendant was also informed of the sentencing ranges of the offenses and the actual sentences that would be imposed upon acceptance of his guilty pleas. And he was advised that his guilty pleas could be used to enhance a penalty for any future convictions. At the conclusion of the colloquy, the court accepted defendant's pleas as knowingly, intelligently, freely, and voluntarily made.
Defendant's sentences were imposed in accordance with the plea agreement. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46, writ denied , 09-2046 (La. 8/18/10), 42 So.3d 394. In the instant case, defendant's eight-year sentence on count two falls within the sentencing range set forth in the statute;
*1321 however, defendant's eight-year sentence on count one does not. At the time defendant committed the offense in 2014, La. R.S. 14:95.1(B) mandated a sentence of imprisonment at hard labor for not more than seven and one-half years. Defendant's sentence of eight years is therefore illegal.
Pursuant to La. C.Cr.P. art. 882, an appellate court may correct an illegal sentence at any time, when the exercise of sentencing discretion is not involved. State v. Mason , 10-284 (La. App. 5 Cir. 1/11/11), 59 So.3d 419, 430, writ denied , 11-306 (La. 6/24/11), 64 So.3d 216. At the time of the offense, La. R.S. 14:95.1(B) mandated a sentence of imprisonment at hard labor "for not more than seven and one-half years and [a fine of] not less than five hundred dollars nor more than two thousand five hundred dollars." In light of the discretion permitted by this statute, we vacate defendant's sentence on count one and remand the matter to the district court for resentencing. See La. C.Cr.P. art. 881.4(A) ; see also State v. Brown , 17-346 (La. App. 5 Cir. 12/13/17), 234 So.3d 1134, 1137-38 ; State v. McClure , 14-253 (La. App. 5 Cir. 3/11/15), 169 So.3d 510, 534, writ denied , 15-684 (La. 2/26/16), 187 So.3d 468.
Although appellate counsel's brief adequately demonstrates a full discussion and analysis of the district court proceedings, our independent review of the record refutes counsel's assertion that there are no non-frivolous issues supporting an appeal. Typically, if an appellate court, after an independent Anders review, finds any issue arguable on the merits, it may either deny counsel's motion to withdraw and order counsel to file a brief arguing the issues identified by the court, or grant the motion and appoint substitute appellate counsel. See Bradford , supra . Here, however, in light of our decision to vacate defendant's sentence on count one and remand the matter for resentencing, we find briefing is not warranted. Accordingly, appellate counsel's motion to withdraw is granted.[3]
PRO SE SUPPLEMENTAL BRIEF
In defendant's pro se supplemental brief, he raises two assignments of error: (1) excessive sentence and (2) ineffective assistance of counsel.
In his first pro se assignment of error, defendant argues that his sentence of eight years on the multiple bill is unconstitutionally excessive. The record does not reflect that defendant was adjudicated or sentenced as a multiple felony offender in this case. Additionally, his assignment of error does not clarify which of his two eight-year sentences he challenges as excessive. Under these circumstances, and particularly in light of our determination, pursuant to our Anders review, that defendant's sentence on count one is illegally excessive and requires remand, we pretermit consideration of defendant's first pro se assignment of error.
In defendant's second pro se assignment of error, he argues that his trial counsel was ineffective for failing to file a motion to reconsider sentence, failing to consult with defendant prior to the entering of his guilty plea, and failing to investigate the allegations against him.
Generally, an ineffective assistance of counsel claim is most appropriately *1322 addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. State v. Stiller , 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154, 1157. But when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. If, on the other hand, the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. Id.
Here, the record is insufficient to fully consider defendant's ineffective assistance of counsel claims. Based on the limited record here, defendant's allegations of ineffective assistance of counsel are better suited to be raised in an application for post-conviction relief in the district court, where, if necessary, a full evidentiary hearing can be conducted and defendant can present evidence to support his allegations. Accordingly, we decline to consider the merits of defendant's second pro se assignment of error.
ERRORS PATENT
The record has been reviewed for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). Other than the sentencing error noted above pursuant to our Anders review, we conclude there are no errors patent requiring corrective action.
DECREE
For the foregoing reasons, defendant's convictions are affirmed; defendant's sentence on count two is affirmed; defendant's sentence on count one is vacated and the matter is remanded for resentencing. Appellate counsel's motion to withdraw as counsel of record is granted.
CONVICTIONS AFFIRMED; SENTENCE ON COUNT TWO AFFIRMED; SENTENCE ON COUNT ONE VACATED; REMANDED FOR RESENTENCING; MOTION TO WITHDRAW GRANTED.

In addition to counts one and two, the bill of information contains a count four (there is no count three) charging the crime of unauthorized entry of the Jefferson Parish Detective Bureau, a violation of La. R.S. 14:62.4. However, while counts one and two specifically name defendant, count four does not provide the name of any defendant, but rather contains a blank space where a name ought to be. Moreover, in the information section at the bottom of the bill, only counts one and two are referenced. And there was no mention of count four during defendant's guilty plea proceeding. Accordingly, as defendant has not been named in count four, and has only pled guilty to the offenses charged in counts one and two, we conclude that defendant was not charged with a violation of La. R.S. 14:62.4 despite it being contained in the bill of information.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Appellate counsel's motion to withdraw is granted despite the remand for resentencing because defendant is represented by different counsel in the district court, the Indigent Defender Board, than on appeal, the Louisiana Appellate Project. Thus, the district court shall appoint trial counsel to represent defendant at his resentencing on remand. See State v. Hudson , 17-621 (La. App. 5 Cir. 5/23/18), 249 So.3d 251, 258, 2018 WL 2328074, at *9 n.6 (citing State v. Anderson , 16-537 (La. App. 5 Cir. 5/17/17), 222 So.3d 935, 948 n.6 ).