STATE OF LOUISIANA

VERSUS

PERRY J. HAYDEL, JR.

NO. 24-KA-487

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-4489, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING


September 24, 2025


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
John J. Molaison, Jr., and Timothy S. Marcel


**MULTIPLE OFFENDER ADJUDICATION AFFIRMED;**
**SENTENCE VACATED AND REMANDED FOR RESENTENCING;**
**MOTION TO WITHDRAW GRANTED**
    **FHW**
    **JJM**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
PERRY J. HAYDEL, JR.
    Katherine M. Franks

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Monique D. Nolan
    Thomas J. Butler
    Norma B. Broussard
    Molly M. Massey

**WICKER, J.**

Defendant Perry J. Haydel, Jr. seeks review of his multiple offender adjudication and sentence following the revocation of his probation with the 24th Judicial District Court Specialty Court Program. Haydel's appellate counsel has filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*) seeking to withdraw as counsel of record for Haydel, asserting that after thoroughly reviewing the district court record, she could find no non-frivolous issues to raise on appeal. For the following reasons, we affirm Haydel's multiple offender adjudication. However, because we find errors patent related to sentencing, we vacate Haydel's multiple offender sentence and remand this matter to the trial court for resentencing. We further grant Haydel's appointed appellate counsel's motion to withdraw.

## BACKGROUND

On July 29, 2021, the Jefferson Parish District Attorney filed a bill of information charging Defendant, Perry J. Haydel, Jr., with seven counts of simple burglary in violation of La. R.S. 14:62.[1] Haydel initially pled not guilty to all counts; however, upon his acceptance into 24th Judicial District Court Swift and Certain Specialty Court Program, he withdrew his initial plea and entered a plea of guilty as charged. The trial court then deferred the imposition of sentence pending Haydel's successful completion of the specialty court program and placed him on active supervised probation for five years. At that time, the trial court informed Haydel that, if he failed to successfully complete the specialty court program, the court would revoke his probation and impose a sentence of imprisonment on all counts, and further that the District Attorney would have the option of seeking an

---

[1] All seven counts of simple burglary were related to breaking into cars parked in two different used car lots.

24-KA-487                                    1

enhancement of his sentence as a second-felony offender under Louisiana's Habitual Offender Law, La. R.S. 15:529.1.

On August 2, 2023, after Haydel failed to comply with the requirements of the specialty court program, the trial court revoked his probation and sentenced him to imprisonment for seven years at hard labor on counts one, two, and three; and ten years at hard labor on counts four, five, six, and seven—all to be served concurrently. Thereafter, on June 12, 2023, the District Attorney filed a multiple offender bill of information against Haydel, seeking enhancement of his sentence as a second-felony offender under La. R.S. 15:529.1.

On August 16, 2023, the trial court held a hearing on the multiple bill. During the hearing, Haydel stipulated to all allegations asserted in the multiple bill and then entered a plea of guilty admitting his status a second-felony offender. After accepting Haydel's guilty plea, the trial court vacated his original sentence and resentenced him as a second-felony offender to eighteen years imprisonment at hard labor, without the benefit of probation or suspension of sentence. Following the multiple bill hearing, Haydel filed a motion for reconsideration of sentence, which the trial court denied.

A year later, on August 20, 2024, Haydel filed a *pro se* uniform application for post-conviction relief and requested authorization to file an out-of-time appeal pursuant to *State v. Counterman*, 475 So.2d 336 (La. 1985). In his application, Haydel identified his multiple offender adjudication and enhanced sentence of eighteen years imprisonment as the judgment of conviction being appealed. On August 29, 2024, the trial court granted Haydel's request for an out-of-time appeal and assigned appellate counsel to represent him.

**ANALYSIS**

Haydel's appellate counsel has filed a brief in conformity with the procedure outlined in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108,

24-KA-487                                                                 2

asserting that she has thoroughly reviewed the trial court record and can find no non-frivolous issues to raise on appeal and further requests an errors patent review. Accordingly, appellate counsel requests to withdraw as counsel of record for Haydel pursuant to *Anders* and *Jyles*. The State responds that appellate counsel has "cast an advocate's eye" over the record in accordance with *Anders* and *Jyles* and determined there were no non-frivolous issues to raise on appeal. The State asks this Court to affirm Haydel's multiple offender adjudication and sentence. The State also agrees that appellate counsel should be allowed to withdraw as counsel of record.

### *Anders* **Brief**

In *Anders*, the United States Supreme Court held that appointed appellate counsel may request permission to withdraw if she finds the case to be wholly frivolous after a conscientious examination of it. 386 U.S. at 744. In *State v. Smith*, this Court further held that the request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." 18-142 (La. App. 5 Cir. 8/29/18), 253 So.3d 1314, 1318 (citing *McCoy v. Wis. Ct. App., Dist. 1*, 486 U.S. 429, 439; 108 S.Ct. 1895, 1902; 100 L.Ed.2d 440 (1988); *see also State v. Hunter*, 19-579 (La. App. 5 Cir. 6/24/20), 299 So.3d 1217. The Louisiana Supreme Court further explained in *Jyles* that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant adverse impact on shaping the evidence presented to the jury for its consideration." 704 So.2d at 241.

The appellate court is similarly obligated to conduct its own independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. Specifically, the appellate court must review (1) the bill of information, to ensure that the defendant was properly charged; (2) all minute entries, to ensure that the defendant was present at all crucial stages; (3) all pleadings in the record; and (4) all transcripts, to determine whether any ruling provides an arguable basis for appeal. *State v. Wingerter*, 05-697, p. 5 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. If, after an independent review, the appellate court determines there are no non-frivolous issues for appeal, it may grant appellate counsel's motion to withdraw and affirm the defendant's conviction and sentence. *Id.* But, if the appellate court finds any legal point arguable on the merits, then it may either deny appellate counsel's motion and order her to file a brief arguing those legal points, or grant the motion and appoint substitute appellate counsel for the defendant. *Id.*

In this case, appellate counsel has filed an *Anders* brief setting forth the procedural history, the limited facts, and the circumstances surrounding Haydel's guilty plea as a multiple offender. She confirms that the trial court advised Haydel of his *Boykin* trilogy of rights, that Haydel completed the waiver form, and that he knowingly and voluntarily entered a guilty plea as a multiple offender. The waiver form shows that Haydel pleaded guilty to the offenses listed in the bill of information, and that he was informed that his enhanced sentence as a multiple offender would be eighteen years at hard labor. Counsel indicates that count one was enhanced under a multiple bill, and that a *nunc pro tunc* minute entry later corrected the enhanced sentence to allow parole and to order all sentences to run concurrently.[2] She concludes that the corrected sentences remain legal and do not

---

[2] *See* errors patent discussion for further discussion of these points.

24-KA-487                    4

give rise to non-frivolous issues on appeal. The State agrees and urges this Court to grant appellate counsel's request to withdraw.

Appellate counsel notified Haydel that she filed an *Anders* brief as well as a motion to withdraw, and further informed him of his right to file a *pro se* brief in this appeal and the deadline to do so. This Court likewise notified Haydel about his counsel's *Anders* brief and of his right to file a *pro se* brief by the deadline of December 12, 2024. Haydel did not file a *pro se* brief. Since Haydel has identified only his multiple offender adjudication and enhanced sentence as the judgment of conviction being appeal, our independent review of this record in accordance with *Anders* is similarly limited.

The State filed a multiple offender bill of information alleging Haydel to be a second-felony offender. Haydel and his counsel appeared at the multiple bill hearing; so, Haydel's presence does not present any issues that would support an appeal. Moreover, Haydel stipulated to the allegations in the multiple bill and he entered a plea of guilty as second-felony offender. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and is precluded from review of such defects either by appeal or post-conviction relief. *State v. Turner,* 09-1079, pp. 7-8 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil,* 05-658, p. 7 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *Id.* As it pertains to a multiple offender hearing, however, such proceedings "should not be considered part of the record for purposes of the error patent review[;] a defendant must assign as error any perceived defect in the

24-KA-487                                   5

proceedings to preserve appellate review of the claimed error." *State v. Moore*, 2012-0102, p. 2 (La. 5/25/12), 90 So.3d 384, 385 (*per curiam*). Here, Haydel entered an unqualified guilty plea, and therefore all non-jurisdictional defects are waived. The record nevertheless shows that Haydel was sufficiently advised of his multiple offender rights and that his guilty plea was constitutionally firm.

Haydel reviewed the multiple offender bill of information and the waiver of rights form with his counsel, and executed the waiver of rights form admitting that he was a second-felony offender. In addition to Haydel's signature, the waiver of rights form was also signed by his counsel and the trial court. The multiple offender waiver of rights form, in conjunction with the colloquy between the trial court and Haydel, indicates Haydel understood that by stipulating to the allegations in the multiple bill, he was giving up his right to "plead not guilty," his right to a hearing, and his right to remain silent throughout the hearing. The transcript reflects that Haydel indicated he understood all the legal consequences of stipulating to the multiple bill and wished to stipulate to being a second-felony offender. He affirmed that he was satisfied with his counsel's and the court's efforts to explain the rights he was waiving and the consequences of his plea; and further confirmed that he had not been forced, coerced, or threatened into stipulating to the multiple bill. The trial court accepted Haydel's stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made. By stipulating to the multiple bill, Haydel waived his right to a hearing and any possible non-jurisdictional defects were also waived.

Haydel was also advised of the potential sentencing range as a second-felony offender in accordance with La. C.Cr.P. art 556.1, as well as the actual sentence that the trial court would impose. Although the trial court misadvised Haydel that the minimum penalty that could be imposed was eight years imprisonment instead of the actual amount of four years, the trial court did advise Haydel that it would impose a sentence of eighteen years imprisonment upon acceptance of his guilty plea. The

advisement of the agreed upon sentence was sufficient for compliance with La. C.Cr.P. art. 556.1. *State v. Craig*, 10-854, p. 7 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64. Additionally, the trial court advised Haydel that he would receive a sentence of eighteen years at hard labor without benefit of parole, probation, or suspension of sentence. The waiver of rights form, however, correctly reflected that Haydel was informed his sentence would be without benefit of probation and suspension of sentence only. This error does not therefore present a non-frivolous issue for appeal. *See* La. R.S. 15:301.1(A) (providing that statutory restrictions on eligibility for parole, probation, or suspension of sentence are deemed to be contained in the sentence, even if not expressly stated).

Lastly, Haydel's sentence does not present issues for appeal. The enhanced sentence falls within the sentencing range prescribed by statute. La. R.S. 14:62; La. R.S. 15:529.1. Moreover, the enhanced sentence was imposed pursuant to, and in conformity with, the terms of the plea agreement set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. *State v. Washington*, 05-211, p. 5 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. *State v. Williams*, 12-299, p. 11 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, *writ denied*, 13-109 (La. 6/21/13), 118 So.3d 406.

Based on the foregoing, we find that Haydel's multiple offender stipulation, his guilty plea as a second-felony offender, and the sentence imposed pursuant to the plea agreement present no issues for appeal. Appellate counsel's brief adequately demonstrates by full discussion and analysis that counsel has reviewed the

proceedings and cannot identify any basis for a non-frivolous appeal. An independent review of the record supports counsel's assertion.

**Errors Patent**

We have reviewed the record for errors patent in accordance with Article 920 of the Louisiana Code of Criminal Procedure, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review reveals errors patent in the multiple bill proceeding that require us to vacate Haydel's sentences and to remand the matter to the trial court for resentencing. Specifically, the trial court imposed an indeterminate sentence by failing to specify which one of Haydel's seven counts of simple burglary was considered for enhancement under the multiple bill.

It is required that a defendant receive a determinate sentence for each offense upon which he is convicted. La. C.Cr.P. art. 879. This Court has held that a sentence is indeterminate when the trial court does not clearly designate which conviction is being enhanced under the habitual offender statute. *See State v. MacCracken*, 02-1163 (La. App. 5 Cir. 4/29/03), 845 So. 2d 1104, *writ denied*, 2003-1474 (La. 12/12/03), 860 So. 2d 1150; *State v. Fish*, 00-922 (La. App. 5 Cir. 1/30/01), 782 So.2d 1087, *writ denied*, 2001-0548 (La. 2/1/02), 808 So.2d 337. This type of error falls under the scope of errors patent review, as it is discoverable by mere inspection of the record without the need to examine evidence, pursuant to La. C.Cr.P. art. 920. If a sentence is indeterminate, the appellate court is required to vacate the sentence and remand for resentencing. *See State v. Clennon,* 98-1370, p. 8 (La. App. 5 Cir. 6/30/99), 738 So.2d 161, 165; *State v. Stack,* 97-1176, pp. 9–10 (La. App. 5 Cir. 4/15/98), 710 So.2d 841, 845.

For instance, in *State v. Fish*, the defendant was convicted of aggravated criminal damage to property and purse snatching. 782 So.2d at 1088. Following the determination that the defendant was a second-felony offender, the trial court stated,

"your previous sentence is vacated," without any specification regarding to which count he was referring and then imposed the enhanced sentence. *Id.* at 1092. On appeal, this Court stated that, "although it appears that the trial court meant to impose the enhanced sentence on the purse snatching count, since that was the count referred to in the habitual offender bill of information, the indefinite reference to 'your sentence is vacated' makes that assumption uncertain and the Defendant's sentence on the remaining count indeterminate." *Id.* This Court vacated the defendant's enhanced sentence and remanded the case for resentencing. *Id.*

Similarly, in *State v. MacCracken*, the defendant was convicted of illegal possession of stolen things and five counts of purse snatching. 845 So.2d at 1107. The State filed a multiple bill against the defendant but failed to specify which of the five counts of purse snatching was being considered for sentence enhancement. *Id.* at 1115–16. The trial court likewise failed to specify the count when it vacated the defendant's previous sentence and imposed an enhanced sentence. *Id.* at 1116. On appeal, this Court stated that, "it appears from the record that, although the trial court meant to impose the enhanced sentence on one of the purse snatching counts, since that was the conviction referred to in the multiple bill, the indefinite reference to the 'sentence of twenty years previously imposed is vacated' does not specify which of the five counts of purse snatching is being enhanced." *Id.* This Court vacated the defendant's enhanced sentence and remanded the case for resentencing with instructions that the trial court clarify which of the defendant's convictions was being considered for the multiple offender proceedings. *Id.*

Here, after the trial court revoked Haydel's probation and sentenced him on all seven counts of simple burglary, the State filed a multiple bill of information seeking an enhanced penalty for Haydel as a second-felony offender. The multiple bill did not specify which one of the seven counts the State sought to enhance. At the multiple bill hearing, Haydel stipulated to all allegations asserted in the multiple

bill. The waiver of rights form he signed though, did not specify which count was being enhanced. It provided only that Haydel "plead guilty to the charge outlined in the bill of information." During the *Boykin* colloquy, the trial court likewise did not specify which count was being enhanced and it asked Haydel only if he wished to "plead guilty to the charge outlined in the bill of information, attached to this form, charging you, pursuant to Louisiana Statute 15:529.1, with having the listed prior felony conviction record and being a double offender under the provisions of this law." Then, once Haydel pled guilty to the multiple bill, the trial court vacated his original sentence and resentenced him as a second-felony offender, again, without any specification regarding which count. The trial court stated, "I hereby sentence you to vacate your sentence previously rendered on August 2nd, 2023, and I hereby sentence you to a period of 18 years at hard labor without benefit of probation or suspension of sentence." The trial court did not specify the count to be vacated or enhanced. As a result, it appears as though the trial court vacated all seven of Haydel's sentences and then imposed a single, enhanced sentence for all seven counts together.

While the minute entries and commitment orders provide some clarity, they are nevertheless inconsistent with the hearing transcript. Generally, where there is an inconsistency between the minutes or commitment and the transcript, the transcript prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). The multiple bill hearing minute entry and commitment order—and the subsequent amended versions of both—state that Haydel pled guilty to being a second-felony offender specifically as to count one; that the trial court vacated his original sentence specifically as to count one; and that the trial court resentenced him to eighteen years imprisonment specifically as to count one. Although the trial court's corrections demonstrate what its intent was when sentencing Haydel, those corrections are by no means perfect, nor do they resolve all confusion as to the terms of Haydel's confinement.

Therefore, we find the multiple offender sentence is indeterminate as Haydel was convicted of seven counts of simple burglary yet only a single sentence was imposed. We find that the trial court erred since the record fails to indicate which of Haydel's seven convictions was enhanced. Thus, we accordingly vacate that sentence and remand the case to the trial court for resentencing, with the instruction that the trial court specify which of Haydel's seven sentences are to be enhanced.

Because of our finding that the sentence must be vacated, the other errors in the sentencing—*i.e.,* the failure to articulate whether the sentences are to be served concurrently or consecutively and the error in the habitual commitment order referring to the wrong date of probation revocation—require no further action by this Court.

**DECREE**

For the forgoing reasons, we affirm Haydel's multiple offender adjudication, we vacate his sentence, and we remand this matter to the trial court for resentencing. We further grant appellate counsel's motion to withdraw.

**MULTIPLE OFFENDER ADJUDICATION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-487

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
CHAD M. IKERD (APPELLANT)      KATHERINE M. FRANKS (APPELLANT)      MONIQUE D. NOLAN (APPELLEE)
THOMAS J. BUTLER (APPELLEE)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
MOLLY M. MASSEY (APPELLEE)
NORMA B. BROUSSARD (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053